**UNITED STATES of America,
Appellee,**

**v.**

**Terrence Dean OAKS, Appellant.**

**No. 74–1571.**

United States Court of Appeals,
Ninth Circuit.

Dec. 24, 1974.

See also, D.C., 360 F.Supp. 855.

John W. Hornbeck, Deputy Federal Public Defender (argued), Los Angeles, Cal., for appellant.

Lawrence Campbell, Asst. U. S. Atty. (argued), Los Angeles, Cal., for appellee.

Before WRIGHT and GOODWIN, Circuit Judges, and SCHWARTZ,* District Judge.

## OPINION

GOODWIN, Circuit Judge:

Terrence Dean Oaks appeals from a conviction for willfully failing to file an income tax return for 1971 and willfully supplying a false withholding certificate in violation of 26 U.S.C. §§ 7203, 7205. We remand for an evidentiary hearing.

Oaks failed to file an income tax return for 1971 despite earnings of $7,890.24. On July 13, 1971, Oaks filed a withholding exemption certificate with his employer claiming 15 dependents even though he had, as he later admitted, no such number of dependents.

Oaks attempted to justify his failure to comply with the revenue laws on the basis of an elaborate monetary theory. He allegedly believed that he had not earned "dollars," since "dollars," under the Constitution and certain Supreme Court decisions, could only mean paper currency fully redeemable in gold or silver.

Oaks sought to publicize his theory in the political arena. From February until June of 1972, he ran, unsuccessfully, in the Republican primary for the Fourth District of the California State Assembly. His platform was based on the issue of legal tender. He received publicity in the Los Angeles Times by paying his filing fee with 384 silver half-dollars.

■■ Oaks contends that he was selected for prosecution solely because he protested publicly against federal tax policies. While we express no opinion upon this issue, the law in this circuit requires

the district court, upon a proper offer of proof, to allow Oaks to present evidence, if any, that he has been singled out for discriminatory prosecution.

In United States v. Steele, 461 F.2d 1148 (9th Cir. 1972), we held that a policy of selective prosecution which purposefully discriminates against persons choosing to exercise their First Amendment rights is impermissible. The defendants in Steele were able to demonstrate such discrimination by showing that, while the government must have been aware of other violations, it chose to prosecute only those offenders who had publicized their opposition to the census laws. Compare Spillman v. United States, 413 F.2d 527, 530 (9th Cir.), cert. denied, 396 U.S. 930, 90 S.Ct. 265, 24 L.Ed.2d 228 (1969), where we held that mere deviation from prosecutorial "policy" could not justify acquittal.

■■■ Oaks argues that under this circuit's Steele rationale he has alleged facts sufficient to require a hearing on his claim of discriminatory selective prosecution. Hearings on similar pretrial objections are usually in order when enough facts are alleged to take the question past the frivolous stage. See, e. g., Lawn v. United States, 355 U.S. 339, 346–350, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); Nardone v. United States, 308 U.S. 338, 342, 60 S.Ct. 266, 84 L.Ed. 307 (1939); United States v. Fujimoto, 102 F.Supp. 890, 893 (D.Hawaii 1952). We hold that Oaks has alleged enough facts to require an evidentiary hearing.

■■ The government contends that Oaks waived the defense of discriminatory prosecution, if it is a defense, because he brought no formal motion pursuant to Fed.R.Crim.P. 12(b)(2) prior to trial. We agree with the major premise of this argument: the defense must be presented in accordance with the requirements of Rule 12(b)(2). See United States v. Berrigan, 482 F.2d 171, 175 (3d Cir. 1973). But we do not agree that the defense must necessarily be tendered in

---

* The Honorable Edward J. Schwartz, Chief Judge, United States District Court for the Southern District of California, sitting by designation.

writing or formally denominated as a "Rule 12" motion in order to avoid waiver. In Davis v. United States, 411 U.S. 233, 243, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), a defense covered by Rule 12(b)(2) was held to have been waived when not raised, even orally, before trial. But the Supreme Court in Fallen v. United States, 378 U.S. 139, 142, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), cautioned against an overly rigid or formalistic interpretation of the federal criminal rules. The record before us reveals that the point was raised during the pretrial hearing on June 4, 1973. Counsel's presentation, while not in writing, was sufficient to comply with Rule 12(b)(2). And even if a written motion were needed, the district court's comment, "All right. The point is duly noted," constituted "relief from * * * waiver" within the meaning of Rule 12(b)(2). There was no further discussion of the issue until trial, but Oaks' counsel had attempted to introduce evidence at the motions hearing and had been rebuffed. He had made his record.

■ The district court appeared to be concerned about the possibility of disclosure of confidential Internal Revenue Service information. We note that the government will be able to make a claim of privilege at the hearing. *See, e. g.,* Fed.R.Crim.P. 16(b). If the defendant makes an initial factual showing of impermissible discrimination, then the trial court may, in the exercise of its discretion, require disclosure of relevant privileged information. *See* United States v. Berrigan, 482 F.2d at 181. But even then the court can minimize the risk to the government by holding the proceedings *in camera* and issuing appropriate protective orders. Fed.R.Crim.P. 16(e).

Oaks has raised other points, but they are without merit.

The cause is remanded for a hearing on the issue of discriminatory prosecution. If the district court finds that there was impermissible discrimination, it should dismiss the indictment. If it does not find such discrimination, then the conviction shall stand.