### UNITED STATES

v.

### BROWN TRANSPORT CORPORATION.

#### No. CR78–01A.

United States District Court,
N. D. Georgia,
Atlanta Division.

April 10, 1978.

William L. Harper, U. S. Atty., James Fagan, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Michael Murphy, Atlanta, Ga., for defendant.

## ORDER OF COURT

MOYE, District Judge.

The defendant in this criminal case has been charged with violations of 18 U.S.C. § 834 in that it allegedly failed to report to the Interstate Commerce Commission (ICC) the unintentional release of hazardous materials from one of its trucks, failed to place a required placard on a trailer which was transporting hazardous materials, and transported a Class B poison on the same trailer as human food stuffs. The defendant has filed a motion to dismiss based on the contention that this criminal prosecution is selective, invidious and brought in bad faith. The defendant has also requested an evidentiary hearing on this matter and has filed a motion to compel the production of documents in anticipation of that hearing. The action is currently in pretrial stage before United States Magistrate J.

Owen Forrester who has recommended to this Court that all of defendant's motions be denied. Since the defendant has objected to this recommendation, this Court must consider the matter de novo. See 28 U.S.C. § 636(b)(1).

The defendant in this case is not entitled to an evidentiary hearing merely upon its assertion that the prosecution is selective. Rather, the defendant must first establish a prima facie case sufficient to raise a reasonable doubt as to the propriety of the prosecutor's conduct. *United States v. Scherer*, 523 F.2d 371 (7th Cir. 1975). A prima facie case consists of a showing by the defendant "(1) that while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him has been invidious or in bad faith, *i. e.,* based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974); *accord, United States v. Smith*, 523 F.2d 771 (5th Cir. 1975).

In the case at bar, the defendant has failed to make a sufficient showing on either prong of the test. The defendant's own proffer shows that numerous prosecutions of others who were similarly situated were instituted in the two years of 1975 and 1976. Even if the defendant's argument is based on the fact that no actions were taken in the Atlanta Region, the conscious exercise of some selectivity in enforcement is not in itself a constitutional violation. *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1961). The defendant must also satisfy the second element of the *Berrios* test: that the government's discriminatory selection of him for prosecution has resulted from impermissible considerations such as race, religion or the desire to interfere with the exercise of some constitutional right.

The defendant asserts that the present prosecution will interfere with its right to compete for ICC route authority free from the stigma of these criminal convictions. Initially, the defendant has failed to specify any particular constitutional right which would be infringed by this prosecution.[1] Clearly, Brown has no inalienable right to service any particular geographical territory. But it is argued that the defendant will be denied equal protection of the laws because a conviction would interfere with its right to compete equally with other trucking firms. The Court concludes that the defendant has no constitutional right to be free from a conviction which it justly deserves merely because others, who might also be guilty, have gone free. Constitutional equal protection does not require the polarized conclusion that either all of those who arguably committed a crime must be prosecuted or else all must go free. Such a holding would result in the destruction of the principles of prosecutorial discretion which are so firmly established in our system of justice. *See Oyler v. Boles, supra.* If defendant's interest was raised to the level of protected constitutional right, it is difficult to imagine what criminal defendant could not make similar arguments in an effort to dismiss the prosecution against him. The Court concludes that it is unnecessary and unwise to consider what future economic impact a conviction would have on the defendant when deciding whether this action was brought in bad faith. In this light, the Court can find no constitutional infringement which will result from this prosecution. *Cf. United States v. Oaks*, 508 F.2d 1403 (9th Cir. 1974) (prosecution motivated by desire to chill first amendment rights of free speech).

Moreover, there is no evidence in the record to support the conclusion that a criminal conviction in this action will in fact interfere with the defendant's future efforts to secure ICC authority to expand its present trucking routes. To the contrary, the ICC has recently found that since the

1. There has been no allegation that the present action is based on impermissible considerations such as race, creed or sex. Therefore, this Court assumes that the defendant seeks to satisfy the second element of the *Berrios* test by showing that the government is attempting to interfere with the defendant's constitutional rights.

date of the alleged offenses, the defendant has brought itself into compliance with the law and it is now considered to be a safe carrier.

For the reasons set forth, this Court concludes that the defendant has failed to make a prima facie showing in support of its motion to dismiss. Accordingly, the defendant's motion to dismiss is DENIED; the defendant's request for an evidentiary hearing on the matter is DENIED; and the defendant's motion to compel the production of documents at that hearing is DENIED. *United States v. Murdock*, 548 F.2d 599 (5th Cir. 1977).