**UNITED STATES of America, Plaintiff-Appellee,**

v.

**J. C. BOSS, Jr., Defendant-Appellant.**

**No. 80–1472.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Dec. 16, 1980.

Decided March 24, 1981.

Rehearing Denied July 21, 1981.

**37**

Michael Burrage (Joe Stamper, Antlers, Okl., with him on brief) of Stamper, Otis & Burrage, Antlers, Okl., for defendant-appellant.

G. Steven Stidham, Asst. U. S. Atty. (Julian K. Fite, U. S. Atty., Muskogee, Okl., with him on brief), for plaintiff-appellee.

Before HOLLOWAY, LOGAN and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

J. C. Boss, Jr., appeals from his conviction for theft of liquor moving in interstate commerce in violation of 18 U.S.C. § 659. He contends that his conviction must be reversed because (1) he was a victim of selective and vindictive prosecution in violation of his constitutional rights; (2) the court should have instructed the jury that Boss could not be convicted unless he had knowledge the liquor was stolen; (3) the court should have permitted his counsel to examine a memorandum on the person of one of the government's witnesses; and (4) the evidence was insufficient to permit the case to go to jury.

The selective prosecution issue arises out of the fact that several other individuals who were involved in the same incident were not prosecuted. Defendant's son, Douglas Boss, was indicted for the same offense and was separately tried and acquitted in August 1978. Other participants were not charged or were treated differently. Federal authorities wanted to obtain evidence that the local sheriff was crooked and involved in this criminal activity. Defendant and his son were both asked to give evidence for the prosecution, and in informal discussions were told they would be prosecuted if they failed to cooperate. They refused to cooperate and now claim that the government's singling them out amounts to selective prosecution (see companion case *United States v. Boss*, (No. 80–1681), entered this day, involving prosecution of Douglas Boss for perjury). The essence of the contention is that by refusing to cooperate with the government the parties were exercising their Fifth Amendment right not to incriminate themselves. They argue that prosecuting them in a manner different from others involved in the same incident constitutes impermissible selective

prosecution under opinions such as *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and *United States v. Oaks*, 508 F.2d 1403 (9th Cir. 1974).

■ We do not agree. In *Perry* the defendant was convicted of a misdemeanor in a lower tier court. He appealed the conviction, thereby exercising his statutory privilege to a trial de novo in the state superior court. While this appeal was pending, the prosecutor indicted him anew for the same offense, this time charging a felony. The other cases relied upon by defendant also involve possibly vindictive action by the government in retaliation against a defendant's lawful actions.

As explained in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the due process violation in cases such as *Perry* lies not in the possibility that a defendant might be deterred from the exercise of a legal right, but rather in the danger that the state might be retaliating against the accused for conduct that the law plainly allows. *Id.* at 363, 98 S.Ct. at 667. The Supreme Court held that "in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Id.* The Court pointed out that the discouragement of a defendant's exercise of his trial rights is an inevitable attribute of any legitimate system that tolerates and encourages the negotiation of pleas. *Id.* at 364, 98 S.Ct. at 668. Boss apparently wanted more here than the prosecution was willing to offer for his testimony. No evidence is presented to show that Boss was not given a free choice in accepting or rejecting the prosecution's offer; nor is there any suggestion that the prosecutor lacked probable cause to believe Boss had committed the charged crime.

What happened in this case is no different from most situations in which prosecutors seek information to convict principals in crime by offering coconspirators immunity or leniency in return for testimony. When the party refuses to cooperate, prosecution, based upon probable cause to believe

the defendant committed the crime charged, does not present the likelihood of vindictiveness found in *Perry* and related cases. *See United States v. Gardner*, 611 F.2d 770 (9th Cir. 1980). We find no selective prosecution in these circumstances.

■ We see no merit in the claim that the jury should have been instructed specifically that to be convicted defendant must have known the liquor was stolen at the time he participated in the transfer. The indictment made it clear the charged crime was appropriating property in interstate shipment, "willfully and knowingly, and with intent to convert [it] to his own use." The instructions as a whole made it abundantly clear that Boss had to knowingly take the property of someone else for his own use in order to be convicted. We see no need for a specific instruction regarding defendant's knowledge that the liquor was stolen, and it was proper for the court not to give it.

■ Likewise, we see no merit in the contention that defendant's counsel should have been permitted to examine a memorandum on the person of a government witness. During a recess, the witness referred to something he had in his pocket concerning other individuals, which he later testified had nothing to do with this trial. When defense counsel asked to see the memorandum, the trial judge examined the document and expressed his satisfaction that it had nothing to do with this trial. We will not predicate a reversal here on the speculation that the trial judge was wrong, and that this defendant's counsel might have seen something he could use for the benefit of his client.

■ With respect to the sufficiency of the evidence, we have examined the record; there is ample evidence to warrant submitting the case to the jury and to support the jury's verdict of guilty.

AFFIRMED.