UNITED STATES

v.

**Airman Brian J. BLANCHETTE, FR 022–58–9312 United States Air Force.**

**ACM 23925.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 Sept. 1983.

Decided 6 Oct. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The principal issue before us is the accused's assertion that his conviction by general court-martial for various drug offenses * was the result of prosecutorial vindictiveness brought about by his refusal to give a statement to law enforcement officials as to the drug involvement of others. He argues that his right to due process was violated.

I

The question of government misconduct was litigated at trial and was the subject of a special hearing directed by the convening authority to develop the facts and circumstances that resulted in charges being preferred against the accused. *See generally United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). The military judge heard extensive evidence and made lengthy findings of fact which in summarized form state:

(1) The accused met an administrative discharge board for frequent involvement in matters of a discreditable nature and drug abuse at Zweibrucken Air Base, Germany on 23 November 1981. The administrative action was based, in part, on a border search that disclosed marijuana in a car in which the accused was a passenger, and on evidence that he had used marijuana 10 or 12 times with a fellow airman. The board recommended a general discharge.

---

* Contrary to his pleas the accused was convicted of wrongfully possessing and using marijuana in violation of Article 134, U.C.M.J. 10 U.S.C. § 934. He was acquitted of conspiracy to wrongfully possess and introduce marijuana onto a military installation. Additionally, the convening authority disapproved a finding of guilty for the wrongful sale of marijuana. The approved sentence extends to a bad conduct discharge, confinement at hard labor for eight months, forfeiture of $367.00 per month for eight months, and reduction to airman basic.

(2) In early February 1982, the government uncovered additional information which suggested that the accused was more than incidentally involved with the marijuana found during the border search. Airman First Class Gamache, who had approximately 200 grams of marijuana on him when he and the accused were stopped at the Belgian border, provided some details about the incident. Gamache also mentioned that Staff Sergeant Ronald R. Knight might be able to provide more information on the accused's drug involvement. However, in late February 1982, the convening authority approved the accused's administrative discharge because he was advised by his staff judge advocate there was insufficient evidence to warrant trial.

(3) On 29 March 1982, the accused was removed from a flight leaving Germany, and placed on administrative hold so that he could be interviewed concerning an alleged wrongful appropriation of an automobile, an incident not related to the charges under review.

(4) On 1 April 1982, Knight was located, and on 7 April he was interviewed. Knight, a drug trafficker, provided information linking the accused with the sale of a duffle bag of marijuana, numerous instances of possession and use of marijuana, and assisting a Sergeant Aichele in distributing marijuana on Zweibrucken Air Base.

(5) In mid-April 1982, the special court-martial convening authority was told that Knight could provide additional information against the accused. On 21 April, charges were preferred, and an Article 32b investigation was begun. Subsequently, the special court-martial convening authority recommended trial by general court-martial. The special court-martial convening authority's decision to initiate judicial action against the accused rather than allow him to separate administratively was motivated by the availability of additional evidence, i.e., the testimony of Knight. The preferral of charges was not a vindictive response to the accused's exercise of his right to remain silent.

The record also established that the accused was asked by the Office of Special Investigations (OSI) to cooperate with them in providing information as to Aichele's drug involvement. The accused was receptive to doing this provided: (1) he would not have to testify, and (2) he would be discharged as scheduled. Later, through his attorney the accused indicated he would make no statement without a grant of immunity. The accused testified that the OSI "harrassed" him to make a statement, and told him if he did not do so he would be "court-martialed." However, the OSI maintained that no promises were ever made to the accused, but they indicated to him it was likely he would be tried if he refused to cooperate. The accused made no pretrial statements to the OSI.

■ "Vindictiveness," as used in a claim of prosecutorial vindictiveness, means imposition of some punishment against an accused in retaliation for his exercise of a legal right. *United States v. Barber*, 668 F.2d 778 (4th Cir.1982). The test for prosecutorial vindictiveness is whether, in a particular factual situation, there is a realistic likelihood of vindictiveness for the preferral of charges against the accused. The mere possibility that prosecutorial conduct may be vindictive is insufficient to trigger judicial sanctions. *United States v. Andrews*, 633 F.2d 449 (6th Cir.1980). In *United States v. Boss*, 652 F.2d 36 (10th Cir.1981), a factual situation strikingly similar to the case at bar, the appellant appealed his conviction for transporting stolen liquor in interstate commerce. He argued he was the victim of vindictive prosecution because he refused to cooperate with law enforcement officials in identifying the other individuals involved. In rejecting this argument the Court observed:

What happened in this case is no different from most situations in which prosecutors seek information to convict principals in crime by offering co-conspirators immunity or leniency in return for testimony. When the party refuses to cooperate, prosecution, based upon probable

cause to believe the defendant committed the crime charged, does not present the likelihood of vindictiveness found in [*Blackledge v.*] *Perry* [417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) ] and related cases. *See United States v. Gardner,* 611 F.2d 770 (9th Cir.1980). We find no selective prosecution in these circumstances.

■ The convening authority is, of course, vested with considerable discretion in determining whether to refer charges, and what to refer, so long as his selection is not deliberately based upon unjustifiable standards. *See* para. 33, 34 and 35 M.C.M., 1969 (Rev.)

■ It is apparent to us that the government had probable cause to believe that the accused committed the offenses alleged. This being so, the decision to prosecute rests entirely with the convening authority. We specifically hold that his decision to refer these charges to trial was based upon the proper standard and was not prosecutorial vindictiveness. *United States v. Williams,* 12 M.J. 1038 (A.C.M.R.1982); *United States v. Bass,* 11 M.J. 545 (A.C.M.R.1981); *United States v. Solomon,* 679 F.2d 1246 (8th Cir. 1982).

## II

■ The accused also contends on appeal, having made no objection at trial, that the assistant trial counsel, Captain H, was disqualified to serve in that capacity because of his prior participation in matters involving the accused. The record established that Captain H was the recorder in the accused's administrative discharge board, had monitored the potential criminal case against the accused, and had receipted for sworn charges against him on behalf of the officer exercising summary court-martial jurisdiction. In the accused's view these actions made Captain H an "investigating officer" within the meaning of paragraph 64, M.C.M. 1969, *supra.*

■ We find that none of the pretrial activities that the accused complains of warrants the disqualification of Captain H.

Acting as a recorder in a related administrative discharge board is not disqualifying in the absence of bias, hostility or personal interest in the case. *United States v. Clayton,* 37 C.M.R. 883 (A.F.B.R.1967), *rev'd on other grounds,* 17 U.S.C.M.A. 248, 38 C.M.R. 46 (1967). Those factors are not present here. Further, we see nothing improper in Captain H furnishing advice to criminal investigators who were involved in the preliminary stages, or accepting receipt of the sworn charges. *United States v. Whiteacre,* 12 U.S.C.M.A. 345, 30 C.M.R. 345 (1961); *United States v. Hardy,* 28 C.M.R. 554 (A.C.M.R.1959), *rev'd on other grounds,* 11 U.S.C.M.A. 521, 29 C.M.R. 337 (1960). In summary, we conclude that none of Captain H's actions prior to trial were incompatible with his function as assistant trial counsel. *United States v. Erb,* 12 U.S.C.M.A. 524, 31 C.M.R. 110 (1961). We must assume that trial defense counsel concurred in this assessment as he made no objection at any stage of the proceedings. *Accord, United States v. Blair,* 45 C.M.R. 413 (A.C.M.R. 1972), *pet. denied,* 45 C.M.R. 928 (C.M.A. 1972).

## III

The remaining assigned error has been examined and is resolved adversely to the accused. The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MILLER, Judge, concur.