UNITED STATES

v.

Technical Sergeant James P. MARTINO, Jr., FR 030–38–3540, United States Air Force.

ACM S26247.

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 Sept. 1983.

Decided 18 May 1984.

---

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Conrad C. Baldwin.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Victor R. Sulin, USAFR.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

## DECISION

O'HAIR, Judge:

Following pleas of not guilty, the accused was found guilty by a special court-martial of use and possession of marijuana on divers occasions between 30 June 1981 and 1 June 1983, at Presque Isle, Maine; he was found not guilty of use of marijuana between 1 August 1982 and 4 October 1982, at Loring Air Force Base, Maine. The issue before us now, and one which was fully litigated at trial, is an allegation of prosecutorial vindictiveness, since the Government added new specifications only after the accused declined nonjudicial punishment. We find none and affirm.

In support of the defense's motion for dismissal of the above charge and three specifications, the trial defense counsel presented the following facts for the military judge's consideration. On 3 June 1983 the accused was offered nonjudicial punishment under Article 15, U.C.M.J., for using marijuana on divers occasions between 1 February and 1 June 1983. The accused demanded trial by court-martial. Thereafter, on 29 June 1983, the charge and three specifications were preferred and referred to trial. Without further evidence in support of his motion, the defense counsel asserted that the sole reason for the convening authority's decision to refer this case to trial was prosecutorial vindictiveness.

In response, the trial counsel emphatically denied that any improper motive existed on the part of the convening authority or his staff judge advocate. He submitted an offer of proof that the accused "consulted with no fewer than four different lawyers before he decided to turn down the Article 15" and that "every one of those four defense counsel were advised that if the accused turned down the Article 15, that we intended to go to court and that we intended to present evidence on everything that we had any reason to suspect the accused might have committed during the statute of limitations period". The trial counsel advised the court that up until several days before the trial began, the government was willing to permit the accused to accept the original offer of punishment under Article 15. He explained that no more judicial resources were required to prove the specifications as alleged than would have been necessary to prove the more narrowly drawn Article 15 specification, so the Government decided to attempt to prove all offenses that were available. The only explanation provided by trial counsel for using the more limited dates in the Article 15 specification was the attempt by the Chief of Military Justice at the base to reduce the amount of time from the date of the earliest offense to the date of punishment, and thus insure more acceptable statistics on Article 15 timeliness.

The accused claims that the government's response to his refusal of the offer of punishment under Article 15 and demand for trial was retaliatory in nature and violative of his due process rights. In support he cites several Supreme Court cases which serve to restrict the activities of trial courts and their prosecutors from taking retaliatory actions toward defendants who are successful on appeal. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). The Supreme Court distinguished the above two cases from the facts found in *Bordenkircher v. Hayes*,

434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), which involved a plea bargaining attempt. The defendant in *Bordenkircher* was threatened with an additional indictment if he did not plead guilty. He did not comply and the prosecutor carried out his threat. In affirming the conviction the Court condoned the conduct of the prosecutor, explaining that in such a case the defendant was always free to accept or reject the prosecutor's offer.

The Army Court of Review, in *United States v. Bass*, 11 M.J. 545 (A.C.M.R.), *pet. denied*, 11 M.J. 417 (C.M.A.1981), was faced with a situation identical to the one before us. In that case, after the accused refused the offer of punishment under Article 15, additional charges were preferred and all charges were subsequently referred to a general court-martial. The Army Court, citing *Bordenkircher, supra*, reemphasized that the decision of whether to prosecute a case, and what crimes will be charged, should rest entirely with a prosecutor, provided there is probable cause to believe the accused committed an offense. The Court went on to explain that the accused must come forward with facts showing a government representative acted vindictively; a mere possibility of vindictiveness is insufficient.

■ A commander's hands should not be unduly tied or restricted while trying to discipline a subordinate by means of nonjudicial punishment. If the offer of punishment is refused, the commander must have the authority to go forward with all offenses for which there is probable cause to believe the accused committed, whether or not they have been the subject of an Article 15 specification. Air Force Regulation 111–9, para. 10a (31 Aug. 1979). *See also United States v. Blanchette*, 17 M.J. 512 (A.F.C.M.R.1983).

The accused in the case before us, as in *Bass*, exercised a statutory right to refuse an offer of punishment under Article 15 and demand a trial. Prior to making this decision, the accused was afforded the unique opportunity to contact four defense counsel. He was also informed he could change his election up until several days before trial.

■ These facts do not describe a retaliatory or vindictive purpose on the part of the government, but rather an attempt to practice judicial economy. The accused was not the prime target of the OSI informant who served as the chief witness against the accused, but was rather a coincidental "find." Additionally, the other government witnesses were either accomplices or could personally benefit from testifying against the accused. As such, the evidence against the accused had definite weaknesses; and because of the excellent character evidence available to the accused, there was a remote possibility the accused, if found guilty, may not have been adjudged a punitive discharge. With these facts before them, the commander did not act unwisely in offering the accused nonjudicial punishment under Article 15. Following the appellant's demand for trial, the government was required to call a number of witnesses to prove the specification contained in the offer of nonjudicial punishment. Those same witnesses were also competent to testify regarding the additional charged misconduct. Nowhere on the record does there appear even the hint that retaliation in any way influenced the decision to proceed to trial with this case. Accordingly, we find no prosecutorial vindictiveness on the part of the government.

We likewise find the appellant's other assertions of error to be without merit. Accordingly, the findings of guilty and sentence are

AFFIRMED.

FORAY, Senior Judge, and SNYDER, Judge, concur.