**UNITED STATES**

**v.**

**Technical Sergeant John W. DAVIS, Jr., FR 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, United States Air Force.**

**ACM S26380.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 28 Feb. 1984.

Decided 21 Aug. 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before HODGSON, FORAY and O'HAIR, Appellate Military Judges.

**DECISION**

HODGSON, Chief Judge:

The accused argues that his conviction by special court-martial, after he had refus-

ed non-judicial punishment * and demanded trial, was the result of prosecutorial vindictiveness and a violation of due process where he later withdrew his demand for trial and offered to accept the previously refused non-judicial punishment. We disagree and affirm.

On 8 December 1983, the accused was offered non-judicial punishment for marijuana abuse alleged to have occurred on 18 October 1983; as was his right he refused this course of action and demanded trial by court-martial. Charges were then preferred on 18 January 1984, alleging the same circumstances for which trial was demanded. Subsequently, on 15 February 1984, the accused asked that he be reoffered the non-judicial punishment he had earlier turned down. He indicated that upon reflection and consultation with his attorneys, he concluded that a hearing by his unit commander would be the proper forum to resolve what he considered to be the real issue in the case, i.e., unknowing ingestion of marijuana. The special court-martial convening authority determined that a trial would be appropriate and, on 23 February, refused to accept the accused's proposal.

At trial the defense moved to dismiss the charges, alleging prosecutorial vindictiveness by asserting a belief on their part that the convening authority, acting on the advice of the staff judge advocate, wished to impress on the area defense counsel what can happen when non-judicial punishment is refused by a client. The trial defense counsel averred that in a meeting with the staff judge advocate on 20 February, the latter stated "that despite the expense of a trial that it would be a good lesson for [the accused and counsel] to learn." Defense counsel indicated to the trial judge a desire to call the staff judge advocate as a witness to support his claim that the accused's case was being referred to trial due to impermissible motives. The trial judge tacitly accepted that the conversation between the parties took place, but refused on relevancy grounds, to call the witness. We

also accept, *arguendo*, the accuracy of the conversation referred to by the defense counsel.

■ For a claim of prosecutorial vindictiveness to succeed it must be established that the decision to prosecute was based on impermissible considerations such as race, religion or the desire to prevent exercise of a constitutional right. *Raheja v. C.I.R.*, 725 F.2d 64 (7th Cir.1984); *United States v. Barber*, 668 F.2d 778 (4th Cir.1982); *see generally United States v. Blanchette*, 17 M.J. 512 (A.F.C.M.R.1983). In the classic prosecutorial vindictiveness case the subsequent charges are harsher variations of the same decision to prosecute. *United States v. Spence*, 719 F.2d 358 (11th Cir.1983). That is not the situation before us. Here, the accused was tried for the identical offense for which he was initially offered non-judicial punishment but refused. The record leaves the impression that the accused thought the government would not proceed once he demanded trial; it was a gamble he lost. There is not a scintilla of evidence in this transcript that the convening authority's decision to prosecute the accused was based on race or religion. Nor is there an indication that it was based on a desire to thwart the exercise of a constitutional right. It is, of course, Air Force policy to view sympathetically, as is consistent with discipline and justice, an accused's request to withdraw his demand for trial by court-martial. Air Force Regulation 111–9 (31 Aug 79), Non-Judicial Punishment Under Article 15, UCMJ, para. 10b. However, this is a policy consideration and not an absolute right, and the decision whether to proceed with a trial lies with the convening authority, not the accused. The convening authority may properly weigh the effect his decision will have on discipline within his command. The assertions of trial defense counsel, if true, were not sufficient to establish a defense of prosecutorial vindictiveness. The trial judge's refusal to call the staff judge advocate was not an

* Article 15 U.C.M.J.

abuse of discretion. *United States v. Ross,* 719 F.2d 615 (2d Cir.1983).

 Each claim of prosecutorial vindictiveness is determined by the unique facts of each individual case. *United States v. Spence, supra.* In summary, the record before us established that the accused was offered non-judicial punishment for drug abuse which he refused; these same charges were referred to trial, and subsequently the accused withdrew his demand for trial and asked that the incident be resolved by non-judicial punishment as originally contemplated. The convening authority declined to do this. On these facts we find that the accused's rights were neither infringed nor chilled and thus there was no violation of due process. The decision to proceed to trial was based on the proper standard and was not prosecutorial vindictiveness. *United States v. Martino,* 18 M.J. 526 (A.F.C.M.R.1984); *United States v. Blanchette, supra; accord United States v. Ruppel,* 724 F.2d 507 (5th Cir.1984). The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, concurs.

O'HAIR, Judge, absent.