**UNITED STATES**

v.

**Airman First Class Anthony D. HERRING, FR 408–29–3882, United States Air Force.**

**ACM S26750.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 29 Jan. 1985.

Decided 16 Aug. 1985.

Appellate Counsel for the Accused: Mr. Francis M. Selph, Alamogordo, New Mexico, Colonel Leo L. Sergi and Lt Colonel Patrick C. Sweeney.

* Article 38, U.C.M.J., 10 U.S.C. § 838.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

The appellant was convicted of multiple larcenies and wrongfully communicating a threat. He was sentenced to a bad conduct discharge, confinement for four months, forfeiture of $310.00 per month for four months and reduction to airman basic. Appellate defense counsel invite our attention to the Article 38(c) * brief submitted by the trial defense counsel in which he asserts seven assignments of error. The one warranting extended discussion is discussed below.

I

Citing *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), the appellant argues that the military lacks jurisdiction to try him for communicating a threat in Alamogordo, New Mexico. (Specification of Charge I). An offense occurring off a military installation is "service-connected" if it has a significant impact on the installation. *United States v. Lockwood*, 15 M.J. 1 (C.M.A.1983); *United States v. Benedict*, 20 M.J. 939 (A.F.C. M.R.1985); *United States v. Roa*, 20 M.J. 867 (A.F.C.M.R.1985); *United States v. Shorte*, 18 M.J. 518 (A.F.C.M.R.1984), *aff'd* 20 M.J. 414 (C.M.A.1985). An additional factor to be weighed is whether the military has a greater interest in the prosecution of the offense than the civilian community. Here both parties were service members assigned to the same unit. They apparently saw each other on a daily basis. A confrontation off-base between two military members has a clear service-connection because of the logical likelihood that the dispute will continue when the individuals return to the base. While the State of New Mexico has an interest in seeing that

public order is upheld within its borders, the overriding concern in this situation is maintaining discipline within a military organization. A civilian trial for this offense would not be a step forward in preserving discipline within that unit. A commander cannot effectively lead if he or she must look to someone else to maintain order. A military courtroom is the proper forum to resolve the appellant's guilt or innocence as to this offense. *United States v. Benedict, supra; United States v. Roa, supra.*

## II

The remaining assigned errors are decided against the appellant. Article 66(c), U.C.M.J., 10 U.S.C. § 866(c); *see Green v. Widdecke,* 19 U.S.C.M.A. 576, 42 C.M.R. 178 (1970); *United States v. Davis,* 18 M.J. 820 (A.F.C.M.R.1984); *see also United States v. Blanchette,* 17 M.J. 512 (A.F.C.M.R.1983); *United States v. Dennis,* 16 M.J. 957 (A.F.C.M.R.1983); *United States v. Seale,* 27 C.M.R. 951 (A.F.B.R.1958); *United States v. Arnold,* 6 M.J. 520 (A.C.M.R. 1978). The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MURDOCK, Judge, concur.