UNITED STATES

v.

Technical Sergeant James GRIFFIN,
FR 255–64–9454, United States
Air Force.

ACM 24752.

U.S. Air Force Court of Military Review.

Sentence Adjudged 21 Sept. 1984.

Decided 5 Sept. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Lieutenant Colonel Patrick C. Sweeney and Captain Bruce T. Brown.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., and Captain Joseph S. Kistler.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

DECISION

HODGSON, Chief Judge.

On 8 July 1984, the appellant and Airman First Class H met in the passenger termi-

nal at McChord Air Force Base, Washington, where both were on leave seeking space available transportation back to their units. This casual meeting progressed to the point where the appellant suggested they split the cost of a motel room where they could clean up and rest. He indicated his flight was due to leave at 2300 hours that night and he would not be in the room after that. This was agreeable to Airman H and she accompanied him to a motel near the base. After the appellant obtained a room she gave him her share of the cost, and left for the evening—she returned at approximately 2300 hours and found the appellant still there and who then announced he was staying until morning. Airman H did not consider this arrangement satisfactory and left the room to call a taxi. She returned to the room to get her luggage and while there the taxi arrived. When the appellant told the taxi driver it would not be needed she became frightened, started to scream and attempted to leave the room. The appellant, who was dressed in his underwear, blocked the door and forced her onto the bed, took her pants off and had sexual intercourse with her.

Later, Airman H got away and ran out the door. At that time she was, according to a male witness, "hollering for help and that she had been raped." The taxi driver whom she had called for transportation and who the appellant turned away at the room door, heard the screams and called the police. Other guests staying at the motel heard the screams and a woman's voice saying "Please stop," "It hurts," and "Don't." One witness, a woman staying at the motel, testified that Airman H ran to her crying and said, "Help me—I've been raped." Subsequently, the appellant was arrested by the local police department and later released on $5,000.00 bail. For reasons not stated in the record the civilian authorities declined to prosecute the incident.

At trial the appellant admitted sexual intercourse with Airman H, but contended she consented to the act. He testified she returned to the room that evening crying and upset over something that occurred

earlier. While he was comforting her a taxi arrived and he told the driver it would not be needed. At this point she started screaming so he "grabbed her," they struggled and fell onto the bed with him on top. She quit crying and apologized for making him miss his flight. While the two of them were lying on the bed, he removed her pants and had sexual intercourse with her. Additionally, the appellant offered evidence as to his truthfulness and reputation for being law abiding.

In a trial with enlisted members, the appellant was convicted of rape and sentenced to a dishonorable discharge and five years confinement.

I

The appellant argues that while both he and Airman H were Air Force members, the alleged offense occurred off-base, and therefore the court-martial was without jurisdiction to try him as the incident was not "service-connected." *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969); *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); *see also United States v. Hedlund*, 2 M.J. 11 (C.M.A.1976).

Of course, a mere off-base occurrence does not deprive a court-martial of jurisdiction over a crime if the conduct of the service member which takes place beyond the boundaries of the installation has a significant impact on the Armed Services as an entity. *United States v. Lockwood*, 15 M.J. 1 (C.M.A.1983); *United States v. Shorte*, 18 M.J. 518 (A.F.C.M.R.1984), *aff'd*, 20 M.J. 414 (C.M.A.1985); *United States v. Wojciechowski*, 19 M.J. 577 (N.M. C.M.R.1984). Further, such intangibles traditionally associated with the military forces as "reputation" and "morale" have been given renewed emphasis in determining the "service-connection" of off-base offenses. *United States v. Lockwood, supra*. The "service-connection" requirement is decided on a case-by-case, offense-by-offense basis and is a factual determination. *United States v. Roa*, 20 M.J. 867

(A.F.C.M.R.1985); *United States v. Shorte, supra.* While court-martial jurisdiction cannot presently be predicated solely on the military status of the parties involved, this circumstance is an important factor to be considered in determining whether the military has a distinct interest in the prosecution of the case overriding the interest of the civilian community. *United States v. Shorte, supra; United States v. Kyles,* 20 M.J. 571 (N.M.C.M.R.1985).

■ In the case at hand, the appellant and the victim were Air Force members who became acquainted [1] while on a military installation. The victim testified that the appellant's status as a non-commissioned officer was a significant factor in her agreeing to the room-sharing arrangement. We have repeatedly held that maintaining discipline within the Armed Services is a unique military function. *United States v. Benedict,* 20 M.J. 939 (A.F.C.M.R. 1985); *United States v. Heering,* 20 M.J. 1002 (A.F.C.M.R.1985). For unknown reasons the State of Washington chose not to pursue the incident. In our view, the rape of one service member by another, no matter where it takes place, has a clear and recognizable impact on the morale, reputation and integrity of the Armed Forces. We attach meaningful weight to the appellant's status as a non-commissioned officer, that he and the victim met on base and from there went to the site of the crime, and the crime's proximity to a military installation. *United States v. Lockwood, supra,* at 10. All of these circumstances make a compelling argument that the interest of the military far outweighs that of the civilian community so as to justify trial by court-martial. *United States v. Heering, supra; United States v. Benedict, supra; United States v. Roa, supra; United States v. Shorte, supra; United States v. Hollis,* 16 M.J. 954 (A.F.C.M.R. 1984); *see also United States v. Wilson,* (N.M.C.M.R.1985).

## II

At trial the prosecution successfully convinced the trial judge, over objection of the defense counsel, that the statement of Mrs. Kwang Sun Bordoy, a guest at the motel where the alleged rape occurred, was admissible under the residual hearsay exception of Mil.R.Evid. 804(b)(5). In the challenged statement Mrs. Bordoy indicated she heard screams coming from a room almost directly across from hers and "saw a black man push a white woman into the [room]."

■ We have consistently held that statements admitted under the residual hearsay exception do not violate the confrontation clause of the Sixth Amendment if the express requirements of the rule are met. *United States v. Barror,* 20 M.J. 501 (A.F.C.M.R.1985). We have also noted that the rule's focus is narrow and meant to be invoked sparingly and in rare circumstances. *United States v. Harris,* 18 M.J. 809 (A.F.C.M.R.1984). In *Barror, supra,* we observed that the residual hearsay exception finds its greatest application in trials where children are the victims of alleged sexual abuse. While the rule's use is not limited to that area, the situations in which it may be invoked must be exceptional. Accordingly, the requirements of the rule are to be strictly construed.

The declarant of the challenged statement is a Korean national and the wife of an Air Force member. At the time of trial she was in Korea visiting her mother. When the declarant was to return to the United States is unclear. To show that the declarant was "unavailable" as contemplated by Mil.R.Evid. 804(b), the trial counsel established that the wife of an Office of Special Investigations (OSI) agent who spoke Korean attempted to contact her on behalf of the Government by telephone, but was unable to do so. The OSI agent admitted he did not seek the assistance of his counterpart in Korea in an effort to locate the witness. One unsuccessful telephone call appears to be the sum total of the Government's attempt to find Mrs. Bordoy.

---

**1.** The appellant was in uniform at the time of their meeting.

 In our opinion the Government did not make a reasonable effort to secure Mrs. Bordoy's presence at trial. Mil.R. Evid. 804(a)(5). Had the prosecution concluded her testimony was needed a deposition was an option. Article 49, U.C.M.J., 10 U.S.C. § 849, R.C.M. 702; *see United States v. Amerine,* 17 M.J. 947 (1984). Inconvenience in obtaining a witness is not an acceptable substitute for that person's unavailability. *Cf. United States v. Hubbard,* 18 M.J. 678 (A.C.M.R.1984) (witness held unavailable on a showing of: [1] witness absent without leave two weeks before trial; [2] CID notified of absence and local "hangouts" watched; [3] witness's parents contacted; and [4] local police at parents' location also searched for the witness). On the above facts we hold that the trial judge abused his discretion in admitting Mrs. Bordoy's statement. *Accord United States v. Crayton,* 17 M.J. 932 (A.F.C.M.R. 1984). However, the indicia of guilt provided by this evidence are *de miminis* when compared to the other evidence of record which included the appellant's judicial admission that he engaged in sexual intercourse with the victim albeit, according to him, with her consent. We are satisfied that the inadmissible statement was harmless error and did not contribute to the appellant's conviction.

### III

The appellant contends he is entitled to 76 days administrative credit toward his sentence as the result of pretrial confinement rather than the 75 days credit he was given. Appellate government counsel concede that he is entitled to an additional day's credit and we agree. The appellant will be given one day administrative credit toward his confinement in addition to the credit already received. *United States v. Allen,* 17 M.J. 126 (C.M.A.1984).

### IV

 The remaining assigned errors [2] are resolved against the appellant. *United States v. Rogan,* 19 M.J. 646 (A.F.C.M.R.

2. The defense MOTION TO FILE DOCUMENT is

1984); *United States v. Shea,* 17 M.J. 966 (A.F.C.M.R.1984). The evidence of guilt in this case is overwhelming. We are convinced beyond a reasonable doubt that the appellant committed the offense alleged. Article 66(c), U.C.M.J., 10 U.S.C. § 866(c). The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MURDOCK, Judge, concur.