972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Capice Unoskie PURNELL, aka: Capice "Pewee" Purnell,
Defendant-Appellant.
 No. 91-50160.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Aug. 26, 1992.
 
 1
 Before TANG and CYNTHIA HOLCOMB HALL, Circuit Judges, and SHUBB,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Capice Purnell appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Purnell argues that his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), violates the Eighth Amendment[1] and that he was selectively prosecuted because of his race. We affirm.
 
 DISCUSSION
 I. The Eighth Amendment
 
 4
 Purnell argues that the district court's imposition of a fifteen year sentence for being a felon in possession of a firearm violates the Eighth Amendment's prohibition on cruel and unusual punishments. Given that he did not use the firearm for any criminal activity, Purnell contends, such a stiff sentence is unfair. Purnell further insists that the ACCA is cruel and unusual as applied to him because his predicate crimes were accomplished during a single crime spree. Finally, Purnell argues that his sentence is unconstitutionally disproportionate.
 
 
 5
 We reject each of these contentions. First, the district court's failure to reduce the sentence on the basis of individualized considerations peculiar to Purnell's case, such as his use of the firearm or prior criminal history, does not transgress the Eighth Amendment. See United States v. LaFleur, Nos. 89-50599, -50644, slip op. 9299, 9319-20 (9th Cir. Dec. 16, 1991) (as amended, Aug. 4, 1992); United States v. Van Winrow, 951 F.2d 1069, 1071 (9th Cir.1991) (statutorily-mandated sentence constitutional because "the Eighth Amendment does not require individualized sentencing for sentences other than death").
 
 
 6
 Second, a fifteen year sentence for possession of a firearm by a person previously convicted of at least three violent felonies is not unconstitutionally disproportionate. Indeed, we have expressly held that a fifteen-year sentence under the ACCA passes constitutional muster. United States v. Sorenson, 914 F.2d 173, 175 (9th Cir.1990), cert. denied, 111 S.Ct. 993 (1991); United States v. Baker, 850 F.2d 1365, 1372 (9th Cir.1988).
 
 
 7
 Purnell's sentence, moreover, fell far below the statutory maximum. As a general rule, we will not overturn sentences that fall below a statutory maximum on Eighth Amendment grounds. United States v. McDougherty, 920 F.2d 569, 576 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991); United States v. Zavala-Serra, 853 F.2d 1512, 1518 (9th Cir.1988).
 
 II. Prior Convictions
 
 8
 Purnell argues that resort to the ACCA was inappropriate because the six prior convictions constituting the predicate for his enhanced sentence were not "committed on occasions different from one another," as required by 18 U.S.C. § 924(e)(1). Rather, Purnell continues, the six prior robberies were components of a single criminal scheme.
 
 
 9
 We disagree. The six robberies took place on five separate days over two different months. Each robbery had a separate victim. The robberies also involved different modi operandi. Three were executed with firearms; three were not. Under these circumstances, the prior felonies did occur on distinct occasions, as envisioned by the ACCA. See United States v. Antonie, 953 F.2d 496, 498-99 (9th Cir.1991) (two robberies committed on the same evening, forty minutes apart from each other, constitute separate predicate offenses under the ACCA), petition for cert. filed (U.S. May 26, 1992) (No. 91-8524); see also United States v. Wicks, 833 F.2d 192, 193-94 (9th Cir.1987) (under earlier version of ACCA, two burglaries committed on same night at different locations considered to be distinct predicate offenses), cert. denied, 488 U.S. 831 (1988).
 
 III. Relief From the ACCA
 
 10
 Purnell suggests that the ACCA should be applied so as to permit district courts to depart downward from the statutorily-mandated minimum sentence in the interests of justice. While such discretion may be commendable as a matter of policy, that is not the statute Congress enacted. Congress has specifically provided that the only basis for departure from a mandatory minimum is, upon motion of the government, the defendant's substantial assistance to authorities. 18 U.S.C. § 3553(e). Absent such a motion, or a showing that the government's failure to make such a motion was irrational or illicitly motivated, district courts have no authority to depart below a minimum mandatory sentence. United States v. Vilchez, No. 91-50429, slip op. 8353, 8362-64 (9th Cir. June 23, 1992) (as amended, July 9, 1992); United States v. Valente, 961 F.2d 133, 134-35 (9th Cir.1992).
 
 IV. Selective Prosecution
 
 11
 Purnell argues lastly that his conviction was the product of racially-biased prosecution tactics. However, Purnell waived his right to pursue this claim by failing to raise it before the district court. United States v. Aguilar, 883 F.2d 662, 705 n. 44 (9th Cir.1989), cert. denied, 111 S.Ct. 751 (1991); see also United States v. Oaks, 508 F.2d 1403, 1404 (9th Cir.1974).[2]
 
 
 12
 We also find unavailing Purnell's contention that the government impermissibly prosecuted him in federal court solely for the purpose of subjecting him to a potentially longer sentence. "[T]hat the prosecutor was 'influenced by the penalties available upon conviction,' standing alone, 'does not give rise to a violation of the Equal Protection or Due Process Clause.' " Vilchez, slip op. at 8363 (quoting United States v. Batchelder, 442 U.S. 114, 125 (1979)). Purnell has no constitutional right " 'to choose the penalty scheme under which he will be sentenced.' " Id. at 8364 (quoting Batchelder, 442 U.S. at 125).
 
 Purnell's conviction and sentence are
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The ACCA provides:
 In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.
 
 
 [2]
 Even were we inclined to reach this claim, we note that Purnell neither argues nor evidences that "others similarly situated have not been prosecuted." Aguilar, 883 F.2d at 705 (quotation omitted). Nor does Purnell offer any substantiation for the insinuation that his prosecution was "based on an impermissible motive." Id. (quotation omitted)