86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory ISLAND, Defendant-Appellant.
 No. 95-50268.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Island appeals his jury conviction for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Island contends that: (1) the district court erred by excluding evidence pursuant to Fed.R.Evid. 403; (2) the district court erred by refusing to grant him an extension of time to establish cause for his untimely motion to dismiss based on selective prosecution; and (3) the Sentencing Guidelines' distinction between cocaine base and cocaine powder is unconstitutionally vague. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Fed.R.Evid 403
 
 
 4
 Island contends that the district court erred by excluding evidence pursuant to Fed.R.Evid. 403. This contention lacks merit.
 
 
 5
 We review for abuse of discretion the district court's decision to admit or exclude evidence under Fed.R.Evid. 403. United States v. Crosby, 75 F.3d 1343, 1346 (9th Cir.1996). "We reverse if the jury did not have sufficient information to evaluate the bias of a crucial government witness." United States v. Miller, 874 F.2d 1255, 1266 (9th Cir.1989).
 
 
 6
 Here, Island attempted to impeach a prosecution witness by introducing evidence of a civil complaint alleging fraud. The district court denied Island's request concluding that the evidence was marginally relevant, would cause undue delay, and confuse the jury. Moreover, Island was given the opportunity to impeach the government's witness on his prior felony convictions and for being a paid informant. Accordingly, the district court acted within its discretion by excluding evidence pursuant to Rule 403. See id.
 
 II
 Selective Prosecution
 
 7
 Island contends that the district court erred by refusing to grant him an extension of time to establish good cause for his failure to file a timely motion to dismiss based on selective prosecution. This contention lacks merit.
 
 
 8
 We review for abuse of discretion the denial of a pretrial motion as untimely. United States v. Kessee, 992 F.2d 1001, 1002 (9th Cir.1993). Failure to file a motion based on selective prosecution prior to trial constitutes a waiver unless cause is shown. See Fed.R.Crim.P. 12(b)(1), (f); United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992); United States v. Aguilar, 883 F.2d 662, 705 n. 44 (9th Cir.1989), cert. denied, 498 U.S. 1046 (1991); United States v. Oaks, 508 F.2d 1403, 1404 (9th Cir.1974).
 
 
 9
 Here, Island filed his motion to dismiss based on selective prosecution after his conviction. The district court gave Island an opportunity to show good cause for his untimely motion. Island responded by requesting an extension of time to show cause. Island also argued to the district court that his motion, although untimely, concerned a constitutional issue and could be raised at anytime. However, he failed to provide legal support for this argument. The district court denied Island's motion to dismiss because it was untimely and because Island failed to show cause. The district court also denied Island's motion for an extension of time.
 
 
 10
 Since Island did not timely file his motion to dismiss based on selective prosecution he waived it. See Fed.R.Crim.P. 12(b)(1), (f); Aguilar, 883 F.2d at 705 n. 44. Therefore the district court did not abuse its discretion by denying Island's untimely motion. See Kessee, 992 F.2d at 1003. Because the district court was within its discretion in denying Island's motion it did not have to grant Island additional time to show cause. See id.
 
 III
 Vagueness
 
 11
 Island contends that the Sentencing Guidelines and statutes distinguishing between cocaine base and cocaine powder are unconstitutionally vague. This contention lacks merit.
 
 
 12
 Island raises this issue for the first time on appeal. Although we normally do not consider issues raised for the first time on appeal, because it is a purely legal issue we will address it. See Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 506 U.S. 890 (1992); United States v. Shaw, 936 F.2d 412, 414 (9th Cir.1991). We have consistently rejected the constitutional challenge to the statutory distinction between cocaine base and cocaine powder as vague. See United States v. Davis, 36 F.3d 1424, 1434 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). Accordingly, Island's contention that the Sentencing Guidelines and statutes are unconstitutionally vague lacks merit. See id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3