**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John T. CLINTON, Defendant-Appellant.**

No. 77–2447.

United States Court of Appeals, Ninth Circuit.

April 6, 1978.

Rehearing Denied May 3, 1978.

Robert E. Kovacevich, Spokane, Wash., for defendant-appellant.

James B. Crum, Asst. U. S. Atty., Spokane, Wash., for plaintiff-appellee.

Before ELY, TRASK and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant, John T. Clinton, a self-proclaimed "tax protester," was found guilty of two counts of willful and knowing failure to file a federal income tax return for the years 1972 and 1973. This was a violation of 26 U.S.C. § 7203.

In this appeal he challenges the authority of the United States Attorney for the Western District of Washington to prosecute him for offenses allegedly not committed in that district. At all times, appellant has been a resident of Spokane, Washington, which is in the Eastern District of Washington. As

a second defense, he charges that the United States Attorney engaged in selective or discriminatory prosecution.

Neither argument is well taken.

The United States Attorney for the Western District of Washington initiated appellant's prosecution. Appellant moved to dismiss the information on the basis that the United States Attorney in the Western District had no jurisdiction over him since he was a resident of the Eastern District. The district court construed the motion to dismiss as a motion to transfer venue to the Eastern District. This was granted under 18 U.S.C. § 3237(b). Appellant then renewed his motion to dismiss, but it was denied.

The place of commission of the offense of failure to file a return is not specifically set out in the statute. Section 7203 proscribes the failure to do a specified act required by the Internal Revenue Code and the regulations promulgated under it. When a statute does not indicate where Congress considered the place of committing the crime to be, the site or *locus delicti* must be determined from the nature of the crime and the location of the acts or omissions constituting the offense. *United States v. Anderson*, 328 U.S. 699, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946).

Failure to file a tax return is an offense either at the defendant's place of residence, or at the collection point where the return should have been filed. *Yarborough v. United States*, 230 F.2d 56, 58 (4th Cir.), *cert. denied*, 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487 (1956); *United States v. Commerford*, 64 F.2d 28, 32–33 (2d Cir.), *cert. denied*, 289 U.S. 759, 53 S.Ct. 792, 77 L.Ed. 1502 (1933); *see United States v. Anderson, supra*. Since appellant could have filed his return at the collection center in Seattle, Washington, the United States Attorney for the Western District had jurisdiction to prosecute the offense.

The evidence is insufficient to establish appellant's claim of discriminatory selective prosecution or to take his claim past the frivolous stage. *United States v. Oaks*, 508 F.2d 1403 (9th Cir. 1974).

The judgment is AFFIRMED.