532 A.2d 306

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**William G. BOYLE, Appellee.**

Supreme Court of Pennsylvania.

Argued March 11, 1987.

Decided Oct. 15, 1987.

Reargument Denied Feb. 1, 1988.

LeRoy S. Zimmerman, Atty. Gen., Robert L. Keuch, Exec. Deputy Atty. Gen., Marsha V. Mills, Deputy Atty. Gen., Robert A. Graci, Sr. Deputy Atty. Gen., Harrisburg, for appellant.

Martin W. Sheerer, John F. Hooper, Thomas J. Schuchert, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

The instant appeal arises out of a criminal action instituted by the Commonwealth of Pennsylvania (Appellant) against William G. Boyle, an attorney, who is the owner and sole shareholder of Meadville Foods, Inc., doing business as Palace Fine Foods Restaurant in Crawford County. Boyle's residence and law practice are in Allegheny County. The Crawford County restaurant was run by a manager who collected applicable state sales taxes and deposited same in a corporate account in a Crawford County bank. The manager would forward the paperwork to Appellee, who would prepare the necessary returns himself, and mail or hand deliver the monies due to the Pennsylvania Department of Revenue in Harrisburg (Dauphin County), or the branch office in Pittsburgh (Allegheny County).

The funds collected between August, 1982, and October, 1983, were not remitted to the Commonwealth, nor were the required returns filed for that period. Boyle was charged with wilfully failing to file returns and failing to remit taxes in violation of the Tax Reform Code of 1971, § 268(b). 72 Pa.C.S. § 7268(b).[1] A twenty-eight count criminal infor-

1. 72 Pa.C.S. § 7268(b) provides in pertinent part:
   ... [A]ny person ... who shall wilfully fail or refuse to collect the tax from the purchaser and remit the same to the department, and any person who shall wilfully fail, neglect or refuse to file any return or report required by this article or any taxpayer who shall refuse to pay any tax ... shall be guilty of a misdemeanor....

mation was filed against Boyle in Crawford County. He subsequently filed an omnibus pre-trial motion challenging, *inter alia*, the jurisdiction of the Crawford County Court of Common Pleas over these offenses and sought dismissal of the information. The motion was denied by Order of the Court of Common Pleas of Crawford County dated February 25, 1985. Boyle then petitioned that court to amend its order to include a certification pursuant to 42 Pa.C.S. § 702(b),[2] so that he could seek leave to appeal this interlocutory order by permission. By March 1, 1985, the court had not granted the petition to include the statement prescribed by 42 Pa.C.S. § 702(b) in its order of February 25, 1985.[3] Boyle then filed a Petition for Review with the Superior Court from the order denying pre-trial relief alleging that the Superior Court has exclusive jurisdiction over the matter pursuant to the authority granted by 42 Pa.C.S. §§ 702 and 742.

The Superior Court granted the Petition for Review "as to the venue issue only" by a per curiam order dated March 20, 1985. Thereafter, the merits of the venue issue were briefed and argued. By opinion and order dated November 22, 1985, the Superior Court held that the Crawford County Court of Common Pleas lacked subject matter jurisdiction and reversed the denial of Appellee's pretrial motion.[4]

2. 42 Pa.C.S. § 702(b) provides:

(b) **Interlocutory appeals by permission.**—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

3. It is stated in the Petition for Review (R. 3b, paragraph 5) and Appellee's Brief at 4, that the trial judge orally refused on March 1, 1985, to amend the order. However, no order of refusal appears in the record.

4. *Commonwealth v. Boyle,* 347 Pa.Superior Ct. 602, 500 A.2d 1221 (1985).

The Commonwealth sought allowance of appeal from the Superior Court's order, which we granted on October 16, 1986, because the question of jurisdiction involved is one of first impression and one which will have applicability to other prosecutions. We were also concerned about the issue of whether the Superior Court had jurisdiction to consider the Petition for Review in light of the trial court's refusal to amend its order to include a certification pursuant to 42 Pa.C.S. § 702(b). We directed that the parties brief and argue the issue of whether the Superior Court had jurisdiction to decide the underlying issue presented by the Petition for Review in light of the procedural posture of the instant matter. In reviewing the decision of the Superior Court, we must consider the threshold question of whether that court had jurisdiction to entertain and decide an appeal from an interlocutory order entered by the Court of Common Pleas, where that court refused to certify that "... such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter ...", as required by 42 Pa.C.S. § 702(b).

Appellant contends that a certification by the trial court which entered the interlocutory order is a jurisdictional prerequisite to the Superior Court's obtaining jurisdiction to permit an appeal from an interlocutory order. Further, absent such a certification, the Superior Court has no jurisdiction to hear and decide the merits of the controversy underlying the interlocutory order. Appellant concludes that the Superior Court order modifying the order of Common Pleas is, therefore, a nullity. Appellee, on the other hand, argues that the failure or refusal of the trial court to certify its order is not fatal to the exercise of appellate jurisdiction by the Superior Court in this instance. We agree.

It is well established that the Superior Court has subject matter jurisdiction to hear and determine appeals from final orders of the courts of common pleas in criminal cases. 42

Pa.C.S. § 742, Pa.R.A.P. 341(a). Interlocutory orders of the lower courts may also be heard by permission if the lower court certifies that its order involves a controlling question of law on which there is substantial ground for a difference of opinion and an immediate appeal from the order would materially advance the ultimate termination of the matter. 42 Pa.C.S. § 702(b); Pa.R.A.P. 312. However, where the trial court refuses to certify an interlocutory order, the accepted procedure [5] for requesting appellate review of an uncertified, interlocutory order is by the filing of a Petition for Review, directed to the appellate court which would ultimately have jurisdiction if a final order were entered in the matter. The purpose of a Petition for Review in such cases is to test the discretion of the trial court in refusing to certify its order for purposes of appeal. *Toll v. Toll*, 498 Pa. 536, 448 A.2d 1379 (1982), *aff'g, per curiam* 293 Pa.Superior Ct. 549, 439 A.2d 712 (1981). Under Pa.R.A.P. 1311, if review is granted by the appellate court and it determines that the trial court abused its discretion, the appeal will then proceed on the merits.

In *Toll, supra,* the Superior Court addressed this same issue and correctly analyzed its jurisdiction to consider an interlocutory appeal from an order which the trial court refused to certify. We subsequently affirmed the decision

5. *See* Note to Pa.R.A.P. 1311 which describes the procedure as follows: Where the administrative agency or lower court refuses to amend its order to include the prescribed statement, a petition for review under Chapter 15 of the unappealable order of denial is the proper mode of determining whether the case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal. If the petition for review is granted in such a case, the effect (as in the Federal practice under 28 U.S.C. § 1292(b) is the same as if a petition for permission to appeal had been filed and granted, and no separate petition for permission to appeal need be filed.
See also Pa.R.A.P. 1501(a)(2), (b)(3) and Note. The Note to 42 Pa.C.S. § 704 is in accord:
... Subsection (b)(2) is intended to overrule *Commonwealth v. Bennett,* 236 Pa.Super. 509, 345 A.2d 754 (1975). The same relief will be available by petition for review of the refusal of the lower court to make the statement contemplated by 42 Pa.C.S. § 702(b).

of the Superior Court by *per curiam* order. 498 Pa. at 536, 448 A.2d at 1379.

Counsel for Appellee in the present case followed the procedure outlined in Pa.R.A.P. 1311 note, and petitioned the Superior Court to review the trial court's failure to certify its order for purposes of appeal and recited in that petition, *inter alia,* the alleged error of the trial court in holding that Crawford County had subject matter jurisdiction to proceed in the criminal action. By its order dated March 7, 1985, the Superior Court agreed to consider the petition, issued a temporary stay, and directed counsel to appear for argument in Philadelphia on March 11, 1985, on the preliminary question of whether the court should permit the appeal. The Superior Court then granted the Petition following the argument, implicitly holding in its order of March 20, 1985, that the trial court had abused its discretion by refusing to certify the venue/jurisdiction issue, and only then did the court grant Appellee leave to appeal on the merits.

█ The effect of Superior Court's order of March 20, 1985, was, therefore, to supply the certification required by 42 Pa.C.S. § 702(b) to perfect an appeal by permission and, in accordance with the statute and rules of appellate procedure, the Superior Court then exercised appropriate discretion in permitting an appeal on the merits of the underlying issue.

Having determined that the Superior Court had jurisdiction to hear and decide the merits of the issue, we now proceed to determine whether its holding that the Court of Common Pleas of Crawford County lacked subject matter jurisdiction to hear and decide this criminal case is legally correct.

Appellee is charged with willful failure to file sales tax returns, and willful failure to remit collected sales taxes to the Commonwealth. The Tax Reform Code of 1971 provides that sales tax "[r]eturns shall be filed with the department [of Revenue] at its main office [in Harrisburg, Dauphin County] or at any branch office which it *may* (empha-

sis added) designate for filing returns." 72 Pa.S. § 7219. The Code further provides that taxes are to be paid at the place fixed for filing returns. 72 Pa.S. § 7224. However, § 7220 establishes that compliance may be had by mailing the return and payment on or prior to the day on which payment is to be received. A receipt for registered or certified mail is evidence of compliance. *Id.* All taxes collected by any person from purchasers shall be held in trust for the Commonwealth. 72 Pa.S. § 7225. And § 7268(b) makes it a misdemeanor for any person required to do so to "wilfully fail, neglect or refuse to file any returns or report required" and/or to "refuse to pay any tax, penalty or interest imposed or provided." However, the Code does not designate the county or counties in which prosecutions are to be brought for failure to file returns and pay taxes. Contrary to Appellee's assertion that the Tax Code specifies the "place for performance," the Department has never specifically designated any of its branch offices as a place for filing returns, nor does the Tax Code do so.

The Superior Court's determination that Crawford County Common Pleas Court lacked jurisdiction to hear and decide this case is based on the conclusion of the majority that filing of the tax returns could not be accomplished in that county since no branch office of the Department of Revenue is located there, and that no essential element of the offense had been committed there. We do not agree.

The law is clear that " 'the locus of a crime is always in issue, for the court has no jurisdiction of the offense unless it occurred within the county of trial, or unless, by some statute, it need not. . . .' " *Commonwealth ex rel. Chatary v. Nailon,* 416 Pa. 280, 283, 206 A.2d 43, 45 (1965), quoting *Commonwealth v. Mull,* 316 Pa. 424, 426, 175 A. 418, 419 (1934). For a county to take jurisdiction over a criminal case, some overt act involved in that crime must have occurred within that county. *Commonwealth v. Tumolo,* 455 Pa. 424, 317 A.2d 295 (1974). In order to base jurisdiction on an overt act, the act must have been essen-

tial to the crime, an act which is merely incidental to the crime is not sufficient. *Commonwealth v. Bertels,* 491 Pa. 187, 420 A.2d 404 (1980), *aff'g* 260 Pa.Superior Ct. 496, 394 A.2d 1036 (1978).

■ A determination of the locus of a crime becomes more difficult when the crime consists of a failure to act. In determining the locus of a failure to act, it is necessary to consider the nature of the duty and that specific act which the defendant failed to perform. See, *United States v. Anderson,* 328 U.S. 699, 705, 66 S.Ct. 1213, 1217, 90 L.Ed. 1529, 1533 (1946). We must also look to the nature of the offense and the elements thereof to determine whether the crime was sufficiently related to the locus where the defendant is being prosecuted. *Id.* at 703, 66 S.Ct. at 1216, 90 L.Ed.2d at 1532.

■ Application of the above-cited principles to the instant case reveals that the crimes with which Appellee is charged are closely and significantly related to Crawford County. Appellee's restaurant and its records are located in Crawford County; the sales which were subject to the tax were made in Crawford County; the taxes were collected in Crawford County; the money collected was deposited and was being held in a Crawford County bank; and compliance with the statute could have been effected by mailing the tax returns and payments from Crawford County. As Judge Wieand pointed out in his dissenting opinion, "the legislature has clearly provided that compliance with statutory requirements can be fully effected by acts performed in the county where a person does business and collects the tax." *Commonwealth v. Boyle,* 347 Pa.Superior Ct. 602, 608, 500 A.2d 1221, 1224 (1985).

In the instant case, the Commonwealth filed the charges in the county where the acts giving rise to the obligation to file and remit took place. Jurisdiction was appropriate in Crawford County.

An examination of the elements of the offenses charged reveals that, contrary to the conclusion of the majority of

the Superior Court which found that the crimes charged had only one essential element, the offenses charged have several essential parts.

In order to convict a person for willful failure to file a sales tax return under 72 Pa.S. § 7268(b), the Commonwealth must first establish that he is a person *required* to file a tax return and that he failed to act, in violation of his legal duty. The acts which give rise to a legal duty or obligation to file a return consists of maintaining a business at some location within the Commonwealth, and making taxable sales at that location. If these affirmative acts have not taken place, there can be no obligation to file a tax return. The obligation to file is a necessary prerequisite to the crime of failure to file.

While it is true that no crime is committed until the person fails to file the return, all of the acts giving rise to the obligation to file must first exist. These acts are then *essential* to the crime and not merely incidental thereto. They are parts of the offense. They constitute conduct or attendant circumstances included in the description of the forbidden conduct in the definition of the offense. They establish jurisdiction or venue. They are elements of the offense of willful failure to file sales tax returns. If the Commonwealth is not able to establish that the restaurant in Crawford County made sales which were subject to the tax, it could not establish that Appellee was a person required to file a return. Since these parts of the crime occurred in Crawford County, jurisdiction in that county was proper.

■ As with a willful failure to file, before the Commonwealth could obtain a conviction for willful failure to remit collected sales taxes, it would have to prove: 1) that a business was maintained at a location in the Commonwealth; 2) that at that location taxable sales were made; and 3) that the person maintaining that place of business (here Boyle) wilfully failed to remit the taxes due the Department of Revenue. Each is an essential part of the crime. None is merely incidental. In the instant case, the

first two occurred in Crawford County. We conclude that under such circumstances, venue and jurisdiction to try the crimes of omission involved here are properly vested in the court of the county in which performance of the acts was due. Logically, this would be in Crawford County where all of the acts giving rise to the obligation to file returns and remit taxes were performed.

Accordingly, the order of Superior Court is reversed and the case remanded for trial to the Court of Common Pleas of Crawford County.

FLAHERTY, J., did not participate in the decision of this case.