535 A.2d 185

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**August G. BENNARDO.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1987.

Filed Dec. 21, 1987.

334

Andrea F. McKenna, Harrisburg, for Com.

Joseph E. Vogrin, III, Pittsburgh, for appellee.

Before WIEAND, TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

This is a direct appeal as of right pursuant to Pa.R.A.P. 311(a)(3) from an interlocutory Order entered on February 3, 1987, changing venue in a criminal case from Dauphin County to Allegheny County. On June 19, 1986, appellee Bennardo was charged with nine counts of failure to file sales tax returns and nine counts of failure to remit sales tax (72 P.S. § 7268(b)). Appellee resides in Allegheny County where he operates a business licensed to collect sales tax. The charges were filed against appellee in Harrisburg, Dauphin County, pursuant to the practice of the Office of Attorney General since this Court's decision in *Commonwealth v. Boyle*, 347 Pa.Super. 602, 500 A.2d 1221 (1985) reversed 516 Pa.Super. 105, 532 A.2d 306 (1987). At issue in *Boyle* was whether jurisdiction was proper in Crawford County, a county which does not contain a Department of Revenue branch.

In *Boyle*, we held that since the main office of the Department of Revenue is located in Dauphin County, and no branch office was located where the defendant operated his business (Crawford County), Crawford County Common Pleas Court lacked jurisdiction to hear and decide the sub-

ject case therein. The conclusion of the majority was based on the premise that the filing of tax returns could only be accomplished in Dauphin County (the location of the main office) and that no essential element of the offense had been committed in Crawford County. Pertinent to this case was a statement in *Boyle* as follows: "In order for appellant to comply with the filing requirements, filing could have been made in Harrisburg, the main office for the Department of Revenue, *or any one of the other branch offices.*" *Id.*, 347 Pa.Superior Ct. at 605, 500 A.2d at 1222 (emphasis in original).

Pursuant to this statement and appellee's motion for a change of venue and jurisdiction, the trial court ordered a change of venue from Dauphin County to Allegheny County. Subsequently, the Supreme Court reversed our Court's decision in *Boyle,* and contrary to our conclusion that the Tax Code specifies that prosecutions may be brought for failure to file returns in the "place for performance", i.e. a branch office, the Court stated the Department has never specifically designated any of its branch offices as a place for filing returns, nor does the Tax Code do so.

The trial Opinion in this case was issued prior to the Supreme Court reversal of *Boyle.* The judge cited our decision in *Boyle* in support of the proposition that jurisdiction to hear a criminal tax prosecution will lie in a county which does house a Department of Revenue branch office. In addition, the trial court noted the Court of Common Pleas of Dauphin County *did* have subject matter jurisdiction of the action but changed venue to Allegheny County on the basis of their interpretation of Pa.R.Crim.P. 312 which states, "venue or venire may be changed by the court when it is determined after hearing that a fair and impartial trial cannot otherwise be had in the county where the case is currently pending." The court felt the prejudice shown by the appellee in this case (in having to defend the action in Dauphin County as opposed to Allegheny County) allowed the court to order its transfer under Rule 312 or by

336

virtue of the court's inherent power to prevent abuses of prosecutorial discretion.

We believe the trial court abused its discretion in this case. Pursuant to the Supreme Court's finding in *Boyle, supra,* that no branch office has ever been designated as the office for filing returns, we find the trial court erred in transferring venue and jurisdiction from a locus where it admittedly properly lay (Dauphin County) to Allegheny County, based on the fact that a branch office exists there. Further, we do not believe a change in venue in a criminal trial can be based upon a showing of inconvenience to the defendant, but instead, must be granted only upon a showing that the defendant will be unable to obtain a fair and impartial trial in the county where the case is pending.

Accordingly, we vacate the Order of the lower court which transfer's jurisdiction to Allegheny County and remand the case for trial in Dauphin County.

Jurisdiction relinquished.

WIEAND, J., concurs in the result.