**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Dennis Keith DIXON, Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 20, 2008.

Filed Oct. 15, 2008.

Andrea F. McKenna, Office of Attorney General, for Com., appellant.

Dennis K. Dixon, appellee, pro se.

BEFORE: GANTMAN, SHOGAN and KELLY, JJ.

Opinion by SHOGAN, J.

¶ 1 The Commonwealth of Pennsylvania ("the Commonwealth") appeals from the order entered on August 8, 2007, granting a motion for change of venue made by Dennis Keith Dixon ("Appellee"). For the following reasons, we vacate and remand.

¶ 2 The trial court set forth the relevant facts of this matter as follows:

On April 14, 2007 a criminal complaint was filed against [Appellee]. [Appellee] was charged with two (2) counts of 72 P.S. § 7353(c); Willful Failure to File a Personal Income Tax Return. A Preliminary Hearing was initiated on May 18, 2006 before Magisterial District Judge Roy C. Bridges, which was continued at the request of [Appellee], who was then representing himself *pro se,* until July 24, 2006. On July 24, 2006, the Preliminary Hearing was again continued at the request of [Appellee] until September 12, 2006.

On September 12, 2006, [Appellee] complained that Magisterial District Judge Bridges was prejudicial against him. District Judge Bridges then recused himself, and pursuant to the provisions of Pennsylvania Rules of Criminal Procedure § 132[sic], temporarily assigned the Preliminary Hearing to the Court of Common Pleas.

On September 20, 2006, the instant matter was assigned to the undersigned jurist by the Order of President Judge

Richard A. Lewis. By Order dated November 14, 2006, a Preliminary Hearing was scheduled for February 8, 2007. That Preliminary Hearing was re-scheduled for March 9, 2007, and was then further re-scheduled to resume on April 10, 2007.

Prior to the continuation of the Preliminary Hearing, on April 5, 2007, Attorney Jonathan F. Altman entered his appearance on behalf of [Appellee] and requested a continuance. Said continuance was granted on May 3, 2007, re-scheduling the Hearing for July 11, 2007.

At the Hearing on July 11, 2007, an oral Motion was made on the record on behalf of [Appellee], and a discussion was held concerning the appropriate venue for the instant case.

Trial Court Order, 8/8/07, at 1–2.

¶ 3 By the order of August 8, 2007, the trial court held that it lacked "venue, and therefore jurisdiction" to adjudicate the charges filed against Appellee. *Id.* at 1. Relying on Pa.R.Crim.P. 130,[1] the court reasoned that "the alleged offense could not have occurred in Dauphin County, via receipt of some document by the Department of Revenue, because the Defendant is alleged to have not sent such tax re-

turns, either by mail or otherwise to the Department of Revenue." *Id.* at 2–3. The court further reasoned that "[t]he offense alleged to have occurred took place through a complete lack of activity at the location of Defendant's home and business, both of which are located in Berks County." *Id.* at 3. The trial court then ordered that the case be transferred to the Berks County Court of Common Pleas. *Id.* The Commonwealth timely appealed.

¶ 4 On appeal, the Commonwealth raises one issue:

Whether the lower court erred as a matter of law in holding that the court did "not have venue, and therefore jurisdiction, to adjudicate" charges of willful failure to file state income tax returns, 72 P.S. § 7353(c), where the omission of the legal duty to act occurred at the Department of Revenue, Harrisburg, Dauphin County, and could only have occurred at that locus[?]

Commonwealth's Brief at 4.

■■■ ¶ 5 We begin by clarifying the often confused distinction between subject matter jurisdiction and venue. In Pennsylvania, all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code. *Commonwealth v. Bethea,* 574 Pa. 100,

---

1. The relevant portion of Pa.R.Crim.P. 130 reads as follows:

**Venue; Transfer of Proceedings**
(A) Venue. All criminal proceedings in summary and court cases shall be brought before the issuing authority for the magisterial district in which the offense is alleged to have occurred or before an issuing authority on temporary assignment to serve such magisterial district, subject, however, to the following exceptions:
(1) A criminal proceeding may be brought before any issuing authority of any magisterial district within the judicial district whenever the particular place within the judicial district in which the offense is alleged to have occurred is unknown.

(2) When charges arising from the same criminal episode occur in more than one magisterial district within the same judicial district, the criminal proceeding on all the charges should be brought before one issuing authority in any one of the magisterial districts in which the charges arising from the same criminal episode occurred.
(3) When charges arising from the same criminal episode occur in more than one judicial district, the criminal proceeding on all the charges may be brought before one issuing authority in a magisterial district within any of the judicial districts in which the charges arising from the same criminal episode occurred.
Pa.R.Crim.P. 130(A)(1)-(3).

113, 828 A.2d 1066, 1074 (2003), *cert. denied,* 540 U.S. 1118, 124 S.Ct. 1065, 157 L.Ed.2d 911 (2004).[2] Subject matter jurisdiction relates to the power of a court to adjudicate the type of controversy presented and is a matter of substantive law. *Id.* Venue relates to the right of a party to have the controversy adjudicated in a particular judicial district. *Id.* Accordingly, venue is predominantly a procedural matter prescribed by the rules of the Supreme Court. *Id.* Although subject matter jurisdiction and venue are distinct, venue can only be proper where jurisdiction already exists. *Id.* at 114, 828 A.2d at 1075. "Often, these terms are used interchangeably as they must exist simultaneously in order for a court to properly exercise its power to resolve a particular controversy." *Id.*

¶ 6 In light of the foregoing, the Dauphin County Court of Common Pleas did in fact have subject matter jurisdiction in the instant case. *Bethea,* 574 Pa. at 113, 828 A.2d at 1074. Accordingly, the issue at bar is whether the Dauphin County Court of Common Pleas was a proper venue in which to determine this matter. We note that the standard of review regarding the grant or refusal of a motion to change venue is a matter within the sound discretion of the trial court. *Commonwealth v. Thomas,* 346 Pa.Super. 11, 498 A.2d 1345, 1349 (1985), *appeal denied,* 514 Pa. 635, 522 A.2d 1105 (1987). Absent an abuse of that discretion, the decision will not be reversed. *Id.* at 1348.

¶ 7 Appellee in this case was charged with violating 72 P.S. § 7353(c) of the Tax Reform Code of 1971, 72 P.S. §§ 7101–10004 ("the Tax Code"), which reads as follows:

### § 7353. Crimes

(c) Any person required under this article to pay any tax or to make a return, keep any records or supply any information, who wilfully fails to pay such tax or make such return, keep such records or supply such information at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and shall, upon conviction, be sentenced to pay a fine not exceeding five thousand dollars ($5,000), or to undergo imprisonment not exceeding two years, or both.

72 P.S. § 7353(c).

¶ 8 Section 7302 of the Tax Code mandates the filing of personal income tax returns and the payment of personal taxes. 72 P.S. § 7302. Furthermore, the Tax Code confers upon the Department of Revenue the authority to "prescribe by regulation the place for filing and [sic] return, declaration, statement, or other document required pursuant to this article and for payment of any tax." 72 P.S. § 7332. The Department of Revenue has prescribed that personal income tax returns "shall be filed with the Department of Revenue, The Personal Income Tax Bureau, P.O. Box 8111, Harrisburg, Pennsylvania 17129." 61 Pa.Code § 121.19.

¶ 9 In *Commonwealth v. Bershad,* 693 A.2d 1303 (Pa.Super.1997), this Court was faced with a scenario similar to the one at bar. The facts of *Bershad* were set forth as follows:

Alan Bershad was the Comptroller of Penn Triple S. He was responsible for preparing the sales tax returns for the

---

**2.** We are cognizant that 72 P.S. § 7353 is not part of the Pennsylvania Crimes Code, which is designated as Title 18 of the Pennsylvania Statutes. However, the General Assembly defined 72 P.S. § 7353 as a crime, and therefore, we conclude that all courts of common pleas have statewide subject matter jurisdiction. *Cf. Commonwealth v. Perez,* 941 A.2d 778 (Pa.Cmwlth.2008) (Commonwealth Court discussing statewide subject matter jurisdiction beyond the Crimes Code with respect to forfeitures under 42 Pa.C.S.A. § 6802).

company and for filing the return [and] remitting the tax on a monthly basis. The proceeds from cigarette vending machine sales received by Penn Triple S were subject to a 6% sales tax and returns were required to be filed and taxes paid to the Commonwealth of Pennsylvania, Department of Revenue on a monthly basis.

An audit conducted by the Department of Revenue for the period from May 1989 through June 1992 revealed that the monthly sales tax returns prepared on behalf of the corporation and paid to the Department of Revenue were underpaid by nearly $600,000.

During the same period of time, the other principals of the partnership discovered that Defendant had written certain checks to himself or to "cash" from the bank account of Penn Triple S and had listed the checks as a loan receivable. In June of 1992, [the] defendant informed the other principals of the partnership that he had gambled away the money withdrawn from the bank account at Triple S. Defendant then entered into an agreement (known as the Points Agreement) with his partners to sell certain of his assets to settle his obligations to the corporation for the amounts withdrawn from the bank. In essence, [the] defendant agreed to return to Penn Triple S the net proceeds after taxes of several assets which he owed [sic]. Defendant paid back to the corporation approximately $350,000 under the Points Agreement.

By the time of trial, approximately $270,000 of the total sales tax deficiency of $593,000 had been repaid to the Commonwealth of Pennsylvania leaving approximately $322,806.31 owing to the government. The restitution paid to the Commonwealth was paid through the corporation.

*Bershad,* 693 A.2d at 1305 (quoting Trial Court Opinion, February 14, 1996, at 1–2).

¶ 10 Bershad was charged with thirty-three counts of theft because he failed to pay Penn Triple S's taxes to the Pennsylvania Department of Revenue. *Id.* Following a bench trial on stipulated facts, the trial court found Bershad guilty on all counts and imposed an aggregate sentence of two years and nine months to eight years' imprisonment. *Id.* Bershad appealed, and on appeal he claimed, *inter alia,* that the trial court did not have subject matter jurisdiction and that venue was improper in Dauphin County. *Id.* Bershad essentially argued that no conduct relevant to the charge of theft by failure to make required disposition of funds (18 Pa.C.S.A. § 3927(a)) occurred in Dauphin County. *Id.*

¶ 11 In concluding that both subject matter jurisdiction and venue were proper in Dauphin County, the panel in *Bershad* explained:

Theft by failure to make required disposition of funds received is defined as follows:

A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition.

18 Pa.C.S. § 3927(a). While section 3927(a) requires that the defendant "intentionally" deal with the property ob-

tained as his own, see 18 Pa.C.S. § 302(d), the culpability required for the remaining elements is not prescribed by statute. Therefore, the remaining elements are established "if a person acts intentionally, knowingly or recklessly with respect" to the remaining elements. See 18 Pa.C.S. § 302(c). "The statute proscribing theft by the failure to make the required disposition of funds received was designed to require the actor to meet the obligation under which he undertook to collect monies or property of another." *Commonwealth v. Wood*, 432 Pa.Super. 183, 200, 637 A.2d 1335, 1344 (1994).

The locus of a crime is always in issue and a criminal court will have jurisdiction over a criminal case if some overt act involved in the crime, or a culpable failure to act, occurred within the county where the charges are brought. *Commonwealth v. Boyle*, 516 Pa. 105, 112, 532 A.2d 306, 309 (1987). In *Boyle*, our supreme court stated that:

> A determination of the locus of a crime becomes more difficult when the crime consists of a failure to act. In determining the locus of a failure to act, it is necessary to consider the nature of the duty and that specific act which the defendant failed to perform. We must also look to the nature of the offense and the elements thereof to determine whether the crime was sufficiently related to the locus where the defendant is being prosecuted.

*Boyle, supra*, at 113, 532 A.2d at 310.

Contrary to Bershad's contentions that all of the alleged criminal conduct occurred in Bucks County, application of the above-discussed analysis to the instant case reveals that the crime Bershad was charged with is also sufficiently related to Dauphin County.

In *Boyle*, our supreme court addressed whether subject matter jurisdiction for a Tax Code offense existed in the county where the defendant's obligation to file and remit taxes occurred. *Boyle, supra*, at 111, 532 A.2d at 309. The *Boyle* court found that jurisdiction was proper where the acts giving rise to the obligation to file and remit taxes occurred. *Id.* at 113, 532 A.2d at 310. Significantly, the court also concluded that jurisdiction and venue to try crimes of omission were properly vested in the county where performance of the acts was due. *Id.* at 115, 532 A.2d at 311; *Commonwealth v. Bennardo*, 369 Pa.Super. 333, 336, 535 A.2d 185, 186 (1987) ("[N]o branch office has ever been designated as the office for filing [tax] returns, we find the trial court erred in transferring venue and jurisdiction from a locus where it admittedly properly lay (Dauphin County) to Allegheny County, based on the fact that a branch office existed there."). *Thus, failure to file a tax return constitutes a failure to act in Dauphin County. See Boyle, supra; Bennardo, supra.*

*Bershad*, 693 A.2d at 1305–1306 (emphasis added).

¶ 12 In the case at bar, the issue is whether the Court of Common Pleas of Dauphin County abused its discretion in concluding that venue was improper in Dauphin County. As noted above, the failure to file a tax return due to be filed with the Pennsylvania Department of Revenue constitutes a failure to act in Dauphin County. *See Bershad*, 693 A.2d at 1306. Since nothing was mailed to, received by, or filed in Harrisburg, there was an act of omission in Dauphin County as no tax return was filed, by mail or otherwise, with the Department of Revenue in Harrisburg. This failure is an essential element of the

crime charged, and venue was proper in Dauphin County.

¶ 13 We thus hold that the trial court abused its discretion and committed an error of law when it concluded that it lacked venue and jurisdiction in this matter. Accordingly, the August 8, 2007 order that transferred the instant matter to the Berks County Court of Common Pleas is hereby vacated, and this case is remanded to the Dauphin County Court of Common Pleas for further proceedings.

¶ 14 Order vacated. Case remanded. Jurisdiction relinquished.