985 A.2d 720

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Dennis Keith DIXON, Appellant.**

Supreme Court of Pennsylvania.

Submitted July 27, 2009.

Decided Dec. 28, 2009.

520

Dennis Keith Dixon, for Dennis Keith Dixon.

Andrea F. McKenna, Thomas W. Corbett, Richard A. Sheetz, Jr., George Riddell Zaiser, PA Office of Attorney General, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, GREENSPAN, JJ.

## *OPINION*

Justice GREENSPAN.

We determine where venue is proper for an action alleging a willful failure to pay personal income taxes in violation of Section 7353(c) of the Tax Reform Code of 1971, 72 P.S. §§ 7101–10004 (the "Code"). We hold that venue is proper in the county where the tax obligation arose. The Superior Court erroneously held that venue was proper not in the county where the obligation arose but instead in the county where payment was due. We therefore reverse and remand.

Appellant Dennis Keith Dixon is a resident of the Commonwealth who lives and works in Berks County, Pennsylvania. Appellant allegedly failed to pay personal income taxes for the tax years 2003 and 2004. Like all personal income taxes in the Commonwealth, Appellant's personal income taxes were to be paid to the Pennsylvania Department of Revenue in Dauphin County (the "Department").[1] The Commonwealth alleges that Appellant failed to pay his taxes.

Due to Appellant's failure to pay his taxes, the Commonwealth of Pennsylvania filed a criminal complaint against him on April 14, 2007 (the "Complaint"). In the Complaint, the Commonwealth charged Appellant with two (2) counts of violating Section 7353(c) of the Code. Pursuant to Section 7353(c) of the Code, it is a misdemeanor for a taxpayer to willfully fail to file a return and remit taxes. Section 7353(c) of the Code states as follows:

Any person required under this article to pay any tax or to make a return, keep any records or supply any information, who willfully fails to pay such tax or make such return, keep such records or supply such information at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and shall, upon conviction, be sentenced to pay a fine not exceeding five thousand dollars ($5,000), or to undergo imprisonment not exceeding two years, or both.

72 P.S. § 7353(c). The Commonwealth filed the Complaint in the Court of Common Pleas of Dauphin County.

After several continuances and other delays, the Honorable Lawrence F. Clark, Jr. of the Court of Common Pleas of Dauphin County held a preliminary hearing on July 11, 2007. At the hearing, Appellant's counsel orally requested a change of venue to Berks County. By order dated August 8, 2007, Judge Clark granted the motion and ordered that the case be transferred to the Court of Common Pleas of Berks County.

The Commonwealth timely appealed Judge Clark's order to the Superior Court. *See* Pa.R.A.P. 311(a)(3) (permitting an

1. The central office of the Department is located in Dauphin County.

interlocutory appeal from an order changing venue in a criminal proceeding). On October 15, 2008, the Superior Court reversed the trial court's order and held that venue was proper in Dauphin County. *Commonwealth v. Dixon*, 959 A.2d 399, 404–05 (Pa.Super.2008). The Superior Court remanded the case to the Court of Common Pleas of Dauphin County.

Appellant filed a Petition for Allowance of Appeal with this Court. On April 27, 2009, this Court granted allowance of appeal to consider "whether venue to try charges of willful failure to file a personal income tax return is proper in the county where the obligation to file the taxes occurred or in the county where performance of the act of filing was due." *Commonwealth v. Dixon*, 971 A.2d 486 (Pa.2009). Stated more simply, this Court must now decide whether venue in an action alleging the willful failure to pay personal income tax is proper in the county where the tax obligation arose or the county where the payment was due.

Venue relates to a litigant's right to have an action brought and heard in a particular judicial district. *Commonwealth v. Bethea*, 574 Pa. 100, 828 A.2d 1066, 1074 (2003); *Potteiger v. Fidelity–Philadelphia Trust Co.*, 424 Pa. 418, 227 A.2d 864, 868 (1967). Venue in a criminal action is proper in the place where the crime occurred. Pa.R.Crim.P. 130(A); *Bethea*, 828 A.2d at 1075 (citing *Commonwealth v. Mulholland*, 549 Pa. 634, 702 A.2d 1027 (1997)). Generally, venue begins in the court with a geographic connection to the underlying crime. *Bethea*, 828 A.2d at 1075. If a litigant moves to change venue, that litigant must demonstrate some necessity to justify the change in venue. *Id.* (citing *Commonwealth v. Bridges*, 563 Pa. 1, 757 A.2d 859 (2000)).

To determine where venue is proper, this Court must determine where the crime of violating Section 7353(c) of the Code "occurred." *See* Pa.R.Crim.P. 130(A). This determination is guided primarily by this Court's decision in *Commonwealth v. Boyle*, 516 Pa. 105, 532 A.2d 306 (1987) [2] and by the

---

**2.** The *Boyle* decision was later vacated and remanded on other grounds as a result of after-discovered evidence. *Commonwealth v. Boyle*, 533 Pa. 360, 625 A.2d 616 (1993).

subsequent Superior Court decision in *Commonwealth v. Bershad,* 693 A.2d 1303 (Pa.Super.1997).

In *Boyle* a taxpayer was charged with failure to file sales tax returns under Section 7268(b) of the Code. 532 A.2d at 307. The obligation to file the return in *Boyle* arose from operation of the taxpayer's restaurant in Crawford County. *Id.* After the return was not filed, the Commonwealth initiated a case against the taxpayer in Crawford County. *Id.* The taxpayer filed a pretrial motion alleging that venue was not proper in Crawford County.[3] *Id.* The trial court denied the motion, holding that venue was proper in Crawford County. *Id.* On appeal, the Superior Court reversed the trial court's order and held that the crime occurred in Dauphin County where the return should have been filed. *Id.* at 309.

This Court reversed the Superior Court and held that venue was proper in Crawford County where the actions giving rise to an obligation to file the tax return occurred. *Boyle,* 532 A.2d at 310–311. The Court discussed the various facts that might be utilized to determine where the violation occurred and therefore where venue is proper:

> Application of the above-cited principles to the instant case reveals that the crimes with which [the taxpayer] is charged are closely and significantly related to Crawford County. [The taxpayer's] restaurant and its records are located in Crawford County; the sales which were subject to the tax were made in Crawford County; the taxes were collected in Crawford County; the money collected was deposited and was being held in a Crawford County bank; and compliance with the statute could have been effected by mailing the tax returns and payments from Crawford County.

*Id.* at 310. Although this Court discussed, *inter alia,* the act of tendering the return (and noted that such tendering could

---

3. In the *Boyle* decision, the Court at times used the terms "jurisdiction" and "venue" interchangeably. As the Court explained in *Bethea, supra,* these terms are distinct but interrelated. 828 A.2d at 1074–75 (noting the difference between "jurisdiction," a court's power to adjudicate a matter, and "venue," the locality most convenient for the proper disposition of an action). Notwithstanding that the Court referred to jurisdiction in *Boyle,* the dispute in that case related to venue.

be accomplished through the mail from Crawford County), this Court did not hold that the act of tendering the return was operative for the purposes of determining venue. To the contrary, this Court held that the operative act or acts were those giving rise to an obligation to file the return:

> In order to convict a person for willful failure to file a sales tax return under 72 Pa.[C.]S. § 7268(b), the Commonwealth must first establish that he is a person required to file a tax return and that he failed to act, in violation of his legal duty. **The acts which give rise to a legal duty or obligation to file a return consists of maintaining a business at some location within the Commonwealth, and making taxable sales at that location.** If these affirmative acts have not taken place, there can be no obligation to file a tax return. The obligation to file is a necessary prerequisite to the crime of failure to file.

*Id.* (emphasis added). In *Boyle,* where the obligation to file a return arose from the operation of a business in Crawford County, venue for criminal prosecution was proper in Crawford County. *Id.* at 311.

In *Bershad,* the alleged failure to pay taxes arose from operation of the taxpayer's corporation located in Bucks County. 693 A.2d at 1306. After the taxpayer failed to remit tax payments for the corporation, the Commonwealth initiated a case against the taxpayer in Dauphin County. *Id.* at 1305–06. The taxpayer challenged venue, arguing that the obligation to pay taxes arose in Bucks County, so venue was proper in Bucks County. *Id.* at 1306. The Superior Court, although relying on this Court's prior decision in *Boyle,* nevertheless held that venue was proper in Dauphin County. *Id.* In so holding, the Superior Court cited the *Boyle* Court's reasoning that "venue to try crimes of omission [is] properly vested in the county where performance of the acts was due." *Id.* The Superior Court then concluded that the relevant "performance" due was the act of tendering payment to the Department in Dauphin County, so venue was proper in that county. *Id.*

In the instant action, the Commonwealth argues that any violation occurred in Dauphin County, where Appellant was obligated to remit taxes, and therefore prosecution is proper in Dauphin County. As support for its argument, the Commonwealth relies primarily on the Superior Court's decision in *Bershad*. For his part, Appellant argues that any violation occurred in Berks County where the obligation to pay taxes arose and therefore prosecution is proper in Berks County. Appellant further argues that the Superior Court misapplied this Court's holding in *Boyle* and that the *Bershad* decision should be overruled. According to Appellant, this Court held in *Boyle* that the relevant "performance" was not the act of tendering payment, but the acts giving rise to an obligation to pay taxes.

Here, we agree with Appellant's argument. In *Bershad*, the Superior Court cited the *Boyle* opinion but improperly focused on the Court's passing reference to tendering a return. *Bershad*, 693 A.2d at 1306 (citing *Boyle*, 532 A.2d at 310). The Superior Court in *Bershad* noted the instruction from this Court in *Boyle* that "jurisdiction was proper where the acts giving rise to the obligation to file and remit taxes occurred." *Id.* (citing *Boyle*, 532 A.2d at 310). Then, rather than focusing on the operative act giving rise to an obligation to pay taxes, the Superior Court instead focused on the act of tendering payment.

> **Bershad was required to collect sales taxes and remit this money to the Pennsylvania Department of Revenue. Although Bershad obtained the funds in Bucks County, the evidence indicates that Bershad failed to make the required disposition of these funds by not paying Penn Triple S's taxes to the Pennsylvania Department of Revenue, which is located in Dauphin County.** Instead, he intentionally dealt with the funds as his own by gambling with the money. After considering the nature of Bershad's duty to Penn Triple S and the act which Bershad failed to perform, **we find that the locus of Bershad's failure to act was Dauphin County.**

*Bershad,* 693 A.2d at 1306 (emphasis added). In so holding, the Superior Court misconstrued *Boyle* and improperly held that a failure to pay taxes was an omission that occurred where the taxes were due, not where the taxes accrued.

When the *Bershad* and *Boyle* opinions are examined in tandem, it is clear that the Superior Court has departed from this Court's holding in *Boyle.* Moreover, on at least one other occasion, the Superior Court has also departed from the *Boyle* rule. *See Commonwealth v. Bennardo,* 369 Pa.Super. 333, 535 A.2d 185, 186–87 (1987) (vacating and remanding a trial court order permitting a change of venue based on the reasoning that a case involving failure to file sales tax could only be tried in Dauphin County where the main office of the Department was located [where the taxes were due], not in Allegheny County [where the taxpayer's business was located and tax obligation arose] ). We therefore disapprove *Bershad* and *Bennardo.* We hold, as we held in *Boyle,* that venue for a criminal prosecution for failure to pay taxes properly lies where the obligation to pay taxes arose.

Here, Appellant is charged with willful failure to file personal income tax returns pursuant to Section 7353(c) of the Code. As this Court noted in *Boyle,* the Code does not designate the county or counties in which prosecutions are to be brought for failure to file returns and pay taxes. 532 A.2d at 309. The question then becomes where a failure to pay taxes "occurs." The county or counties where the failure occurred are the proper venue for an action alleging a violation of the Code. *See id.* at 309–10.

When the *Boyle* holding is applied to the facts of the instant case, it is clear that venue is proper in Berks County. Appellant is a resident of Berks County. Appellant lived and worked in Berks County. All of Appellant's actions that obligated him to pay personal income taxes occurred in Berks County. If the Commonwealth cannot establish that Appellant earned income, then the Commonwealth may not successfully demonstrate that Appellant was obligated to file a tax return or pay taxes. Pursuant to this Court's holding in

*Boyle,* any violation of the Code occurred in Berks County where Appellant earned income, obligated himself to pay taxes, and then failed to remit those taxes. The Commonwealth is not entitled to try Appellant, or any other taxpayer, in Dauphin County simply because the Department is located there.

Justice Eakin's dissent suggests a rule whereby venue is proper where the "omission occurred" and defines this omission as Dauphin County, the place where personal income taxes are due. Eakin, J. Dissent. Op. at 532, 985 A.2d at 727. At first blush, this approach is appealing because it provides a bright-line rule. Upon closer analysis, that bright line blurs significantly when applied to the failure to file a tax return. The Code does not clearly define the place for the filing of personal income tax returns. Pursuant to the Code:

> [a] person required to make and file a return under this article shall, without assessment, notice or demand, pay any tax due thereon to the department on or before the date fixed for filing such return (determined without regard to any extension of time for filing the return). The department shall prescribe by regulation the place for filing and return, declaration, statement, or other document required pursuant to this article and for payment of any tax.

72 P.S. § 7332. Therefore, the return may be due in Dauphin County, in a different county where a branch office is located, or perhaps in any county with a branch office.

Moreover, payment and remittance of returns need not be made in person. Pursuant to the Code, payment may be made *via* postal mail and a taxpayer is deemed to be in compliance before the payment has even reached the Department. Section 7336 of the Code provides as follows:

> Notwithstanding the provisions of any State tax law to the contrary, whenever a report or payment of all or any portion of a State tax is required by law to be received by the Pennsylvania Department of Revenue or other agency of the Commonwealth on or before a day certain, the taxpayer shall be deemed to have complied with such law if

the letter transmitting the report or payment of such tax which has been received by the department is postmarked by the United States Postal Service on or prior to the final day on which the payment is to be received.

For the purposes of this article, presentation of a receipt indicating that the report or payment was mailed by registered or certified mail on or before the due date shall be evidence of timely filing and payment.

72 P.S. § 7336. Applying the dissent's suggested rule that the omission occurs when payment is not made, the omission arguably occurs at every mailbox in the Commonwealth.[4]

Additionally, the rule suggested by Justice Eakin in his dissent appears manifestly unjust to potential litigants scattered across the Commonwealth. The venue rules are not designed to create hardship for litigants. *See, e.g.,* Pa.R.C.P. 1006(d)(1) ("For the *convenience* of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought") (emphasis added). A taxpayer may live in Pittsburgh, or another part of the Commonwealth remote from Dauphin County. This taxpayer, who may be innocent of the charges brought against him, should not have to travel to Dauphin County to raise a defense merely because the headquarters of the Department happens to be located there.

In his dissent, Justice Eakin correctly notes that, in some cases, venue may be proper in more than one county. Eakin, J. Dissent. Op. at 532–33, 985 A.2d at 727–28. Such a criticism is not unique to the instant situation. There are many circumstances in which venue is proper in multiple jurisdictions.

4. The dissent focuses on receipt of the payment by the Department. Contrary to the dissent's approach, if the point of analysis is indeed the failure to pay, arguably any failure to pay occurs not when the Department fails to *receive* the payment, but rather when the payment is not *remitted.* A taxpayer is not liable for a failure of receipt if the taxpayer can demonstrate that the payment was timely mailed. *See* 72 P.S. § 7336.

■ The Pennsylvania Rules of Criminal Procedure contemplate that there may be a choice of venue in a criminal case and that cases may be transferred when necessary and appropriate. *See* Pa.R.Crim.P. 130(A)(3) ("When charges arising from the same criminal episode occur in more than one judicial district, the criminal proceeding on all the charges may be brought before one issuing authority in a magisterial district within any of the judicial districts in which the charges arising from the same criminal episode occurred.") The Criminal Rules do not permit serial trials, as Justice Eakin suggests might occur. Regardless of how many counties have proper venue, a defendant may be tried only once, in one venue, for any single crime. The bright-line rule seems efficient, but when applied to the realities of tax payment in the Commonwealth, the approach is flawed.

Justice Saylor, in his dissent, suggests a rule whereby venue is proper both in the county where the taxpayer resides and where the Department's service center is located. Justice Saylor further suggests that such a rule be considered by the Criminal Procedural Rules Committee. Although a new, clarified rule may prove useful in future cases, this prospective rule would not apply in the instant case. Moreover, there is no need for a new rule in this case. This Court's task is decisional and it is clear that the Superior Court has misapplied the binding, precedential rule set forth in *Boyle*. Appellant is a resident of Berks County. Pursuant to this Court's holding in *Boyle*, any violation of the Code occurred in Berks County where Appellant earned income, obligated himself to pay taxes, and then failed to remit those taxes. Dauphin County has little, if any relationship to the alleged crime of omission in Appellant's case. Applying the rule in *Boyle* to the facts of this case, it is clear that venue is proper in Berks County. Other future situations arising from the failure to pay taxes may be less clear, and in those cases, Justice Saylor's proposed rule amendment might prove useful.[5]

5. For example, in the case of a failure to remit corporate income taxes under Section 7403 of the Code, a corporation may have branch locations in multiple counties and therefore may accrue tax obligations

Here, the Superior Court erred in overturning the trial court order transferring the case to Berks County. Venue was proper in Berks County. Accordingly, the order of the Superior Court is reversed and the case is remanded to the Court of Common Pleas of Berks County.

Jurisdiction relinquished.

Chief Justice CASTILLE, Justice BAER, Justice TODD, and Justice McCAFFERY join the opinion.

Justice SAYLOR files a dissenting opinion.

Justice EAKIN files a dissenting opinion.

Justice SAYLOR, dissenting.

I would follow the federal approach that venue for the crime of willful failure to file personal tax returns, a crime of omission, lies in jurisdictions in which the duty could have been performed, including either the district of residence of the taxpayer or the district in which the service center is located. *See United States v. Hicks*, 947 F.2d 1356, 1361 (9th Cir.1991) ("Failure to file a tax return is an offense either at the defendant's place of residence, or at the collection point where the return should have been filed." (quoting *United States v. Clinton*, 574 F.2d 464, 465 (9th Cir.1978))). Thus, I agree with Mr. Justice Eakin that Dauphin County was an appropriate venue here, albeit I would not reject Berks County as an alternative, proper venue. In this regard, as a matter of our rulemaking prerogative, I also would not be opposed to considering adoption of a specific venue rule to account for the interests of defendants in criminal tax matters in a local prosecution. *See* 18 U.S.C. § 3237 (providing that when tax offenses, including willful failure to file, are based solely on mailings to the Internal Revenue Service, and if prosecution is commenced in a judicial district other than the one covering

in multiple counties. In contrast to the instant case, where Appellant lived and worked in a single county, the corporate income tax situation is far more complex and illustrates the need for more concrete venue rules. For the purposes of the instant case, as discussed herein, additional venue rules are not necessary.

532

the defendant's residence, the defendant may, upon timely motion, elect to be tried in his district of residence).[1]

Justice EAKIN, dissenting.

I respectfully disagree with the majority's determination that proper venue is in Berks County. Appellant is charged with failure to pay personal income tax, clearly a crime of omission. Venue for "crimes of omission ... [is] properly vested in the court of the county in which performance of the acts was due." *Commonwealth v. Boyle*, 516 Pa. 105, 532 A.2d 306, 311 (1987). The Superior Court has consistently and properly held venue is proper in Dauphin County in these types of cases because "the locus of [defendant's] failure to act was Dauphin County." *Commonwealth v. Bershad*, 693 A.2d 1303, 1306 (Pa.Super.1997); *see also Commonwealth v. Bennardo*, 369 Pa.Super. 333, 535 A.2d 185, 186 (1987) (venue for failure to file sales tax was in Dauphin County). Appellant's personal income taxes were owing to the Department of Revenue, in Dauphin County. He did not owe anything to an entity in Berks County. Venue lies in the county where his omission occurred, not his obligation. That is Dauphin County.

The majority's reliance on *Boyle* is imprudent, as *Boyle* concerned the trial court's jurisdiction, not just venue, and

1. Our present criminal venue rules do provide, in the situation in which charges arising from the same criminal episode occur in more than one judicial district, that the Commonwealth must consider in which magisterial district it would be in the interests of justice to have the case proceed, based upon the convenience of the defendant and witnesses, and the prompt administration of justice. *See* Pa.R.Crim.P. 130, Comment. The rules do not specifically take into account, however, the situation in which a single offense (contrasted with a criminal episode) spans more than one judicial district. While this Court has equated "offense" and "criminal episode" for some purposes, *see Freundt v. PennDOT*, 584 Pa. 283, 289–90, 883 A.2d 503, 506–07 (2005), I did not support this equation in the context in which it arose, *see id.* at 292, 883 A.2d at 508 (Saylor, J., dissenting), and I believe it would be ill-advised to extend it to other contexts. Rather, I would prefer that we, through our Criminal Procedural Rules Committee in the first instance, consider whether to adopt a clear and specific rule pertaining to designated tax offenses which may be deemed to occur in more than one judicial district, with the noted federal statutory provision as a model.

conflated these two distinct concepts. *See Commonwealth v. McPhail*, 547 Pa. 519, 692 A.2d 139, 144 (1997) (plurality) (noting *Boyle* confused jurisdiction and venue), *superseded as recognized by Commonwealth v. Fithian*, 599 Pa. 180, 961 A.2d 66, 76 (2008) (Legislature overruled *McPhail's* holding). Nonetheless, the majority, disapproving *Bershad* and *Bennardo*, embarks on a fact-intensive analysis of where the acts creating Appellant's obligation to pay taxes arose. As Appellant both lives and works in Berks County, the majority correctly .concludes Appellant's obligation to pay personal income taxes arose in Berks County. However, creation of the obligation to pay tax is not a crime—failure to pay is the crime, and the one and only place a person can pay it is in Harrisburg, not Reading.

Focusing on where the obligation arises is at best confusing. Where is venue if a Montgomery County resident, who works in Philadelphia County for a company headquartered in Allegheny County (from whence his checks come), has a part-time job in Chester County, and earns interest from a bank in Bucks County? The resident earned income from or in all of these counties, and his obligation to pay personal income taxes arose in all of these counties. According to the majority's rationale, which focuses on the acts creating the obligation to pay tax, the Commonwealth could bring charges in any of these counties. *See* Pa.R.Crim.P. 130(A)(3) ("When charges arising from the same criminal episode occur in more than one judicial district, [venue lies in any of the judicial districts] in which the charges arising from the same criminal episode occurred."). One might query whether an obligation to pay, which as above accrues in different ways and at different times, can be the product of a single criminal episode, and if not, serial prosecutions in each county would be permitted. Such an outcome is plainly absurd, yet focusing on the debt rather than the failure to pay exposes parties to criminal charges in each county where they earn income, at the discretion of the Commonwealth.

With due respect for the appealing reasoning of my colleagues, the crime here can only be committed in one place.

The crime is the singular act of failure to pay tax, and since the only place a person can possibly pay that tax is in Dauphin County, the only place the failure to do so can occur is likewise Dauphin County. You couldn't commit this crime in Berks County if you tried.

Accordingly, I respectfully dissent.