[J-125-2012] [MO: Eakin]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 28 MAP 2012 |
| | : | |
| Appellant | : | Appeal from the order of the Superior |
| | : | Court at No. 2006 EDA 2010 dated |
| | : | 7/13/2011 which affirmed the order of the |
| v. | : | Monroe County Court of Common Pleas, |
| | : | Criminal Division, at No. CP-45-CR- |
| | : | 0000045-2010 dated 7/15/2010 |
| EMILY JOY GROSS, | : | |
| | : | |
| Appellee | : | ARGUED: October 17, 2012 |

**CONCURRING OPINION**

**MR. CHIEF JUSTICE CASTILLE**                    **DECIDED: September 24, 2014**

I join the Majority Opinion, except for the discussion relating to the burden and degree of proof. See Majority Slip Op. at 5 ("The burden of proof in relation to venue challenges has not been definitively established in our decisional law or our criminal procedural rules. Because the Commonwealth selects the county of trial, we now hold it shall bear the burden of proving venue is proper — that is, evidence an offense occurred in the judicial district with which the defendant may be criminally associated, either directly, jointly, or vicariously."). There are complexities in the area, as well as prior precedent, that are not accounted for in the parties' briefs or by the Majority. See, e.g., Commonwealth v. Dixon, 985 A.2d 720, 722 (Pa. 2009) ("If a litigant moves to change venue, that litigant must demonstrate some necessity to justify the change in venue.") (citing Commonwealth v. Bethea, 828 A.2d 1066, 1075 (Pa. 2003) ("The moving party bears the burden of demonstrating the necessity of a change of venue.")).

Meanwhile, as the Majority notes, other jurisdictions have split on the level of proof. I would leave open the prospect of adjustment in a case with targeted advocacy.