Chief Justice CASTILLE,
concurring.
I join the Majority Opinion, except for the discussion relating to the burden and degree of proof. See Majority Op. at 391,101 A.3d at 33 (“The burden of proof in relation to venue challenges has not been definitively established in our decisional law or our criminal procedural rules. Because the Commonwealth selects the county of trial, we now hold it shall bear the burden of proving venue is proper — that is, evidence an offense occurred in the judicial district with which the defendant may be criminally associated, either directly, jointly, or vicariously.”). There are complexities in the area, as well as prior precedent, that are not accounted for in the parties’ briefs or by the Majority. See, e.g., Commonwealth v. Dixon, 603 Pa. 519, 985 A.2d 720, 722 (2009) (“If a litigant moves to change venue, that litigant must demonstrate some necessity to justify the change in venue.”) (citing Commonwealth v. Bethea, 574 Pa. 100, 828 A.2d 1066, 1075 (2003) (“The moving party bears the burden of demonstrating the necessity of a change of venue.”)). Meanwhile, as the Majority notes, other jurisdictions have split on the level of proof. I would leave open the prospect of adjustment in a case with targeted advocacy.