J. S71003/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LARRY EDWARD WEST, JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 823 MDA 2014 |
| | : | |
| DAVID VARANO[1] | : | |

Appeal from the Order Entered June 29, 2012,
in the Court of Common Pleas of Northumberland County
Civil Division at No. CV-2012-00927

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 24, 2015**

Appellant appeals the order transferring venue of his second collateral petition, which was brought as a petition for writ of ***habeas corpus***, from Northumberland County to Luzerne County.  We note that an order transferring venue in a criminal matter is an interlocutory order appealable as of right.  Pa.R.A.P., Rule 311(a)(3), 42 Pa.C.S.A.  Finding no error, we affirm.

On June 15, 2005, a jury found appellant guilty of numerous sex and related offenses, including involuntary deviate sexual intercourse.  The charges arose from the molestation of appellant's girlfriend's two minor

---

* Former Justice specially assigned to the Superior Court.

[1] David Varano is the Superintendent at SCI Coal Township where appellant is currently incarcerated.

daughters when they lived at appellant's home in Freeland from June 2002 to May 2004.

On October 3, 2006, appellant was sentenced to an aggregate term of 9 to 18 years' imprisonment. On April 28, 2008, this court affirmed the judgment of sentence. *Commonwealth v. West*, 953 A.2d 842 (Pa.Super. 2008) (unpublished memorandum). No further appeal was taken.

On March 24, 2009, appellant filed a counseled PCRA petition. A hearing was held and on December 30, 2010, the petition was denied and dismissed. On January 10, 2012, this court affirmed the judgment of sentence; and on August 28, 2012, our supreme court denied appeal. *Commonwealth v. West*, 43 A.3d 517 (Pa.Super. 2012) (unpublished memorandum).[2]

On May 10, 2012, appellant filed the instant petition for writ of *habeas corpus* in Northumberland County, where appellant is incarcerated. On June 29, 2012, the Northumberland County court entered an order transferring the petition to Luzerne County, where appellant was tried and convicted. This order was appealed at docket number 823 MDA 2014 and has been listed consecutively, at journal number S71003/14, to the two appeals listed at journal number S71002/14, under which the denial of appellant's petition is reviewed.

---

[2] The denial of appeal by our supreme court does not appear to have been officially reported.

On appeal, appellant raises a single issue, contending that transfer of venue from Northumberland County to Luzerne County was improper. Appellant argues that venue in Northumberland County was proper because he is confined in that county and he is challenging the conditions of his confinement and not the legality of his confinement.  Appellant bases this contention on Pa.R.Crim.P., Rule 108(B), 42 Pa.C.S.A.  Rule 108 states in its entirety:

> ### Rule 108.  Habeas Corpus Venue
>
> (A)    A petition for writ of habeas corpus challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the order directing the petitioner's detention or confinement was entered.
>
> (B)    A petition for writ of habeas corpus challenging the conditions of the petitioner's confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the petitioner is confined.

Pa.R.Crim.P., Rule 108, 42 Pa.C.S.A.

Upon a full reading of Rule 108, it is clear that if appellant is challenging the conditions of his confinement, venue in Northumberland County is appropriate; however, if appellant is attacking the legality of his confinement, then venue in Luzerne County is appropriate.  We find that appellant is actually challenging the legality of his confinement.

"We note that the standard of review regarding the grant or refusal of a motion to change venue is a matter within the sound discretion of the trial

court." ***Commonwealth v. Dixon***, 959 A.2d 399, 402 (Pa.Super. 2008), ***reversed on other grounds***, 985 A.2d 720 (Pa. 2009). The gravamen of appellant's petition for writ of ***habeas corpus*** is that the Luzerne County court that tried and convicted him was without jurisdiction to do so because the trial judge was subsequently convicted of unrelated criminal offenses. Simply stated, this constitutes a claim that appellant's judgment of sentence and resulting confinement are illegal.

We wholly reject appellant's attempt to position his claim as attacking only the conditions of his confinement. Appellant argues that he is only questioning an unlawful commitment order that imposes total confinement in a State Correctional Institution. However, the only basis suggested by appellant for the unlawfulness of that order, either in his petition, or now on appeal, is that appellant's original conviction was obtained in a court without jurisdiction. No other origin for any alleged unlawfulness of the commitment order is suggested. Consequently, no matter what his protestations otherwise are, appellant is clearly attacking the lawfulness of his confinement based upon an illegal conviction and sentence by a court without jurisdiction.

Accordingly, we find no abuse of discretion on the part of the trial court, and we will affirm the order below.

Order affirmed.[3]

---

[3] Appellant's motion, filed October 23, 2014, requesting that appellee's brief be barred as untimely, is denied.

J. S71003/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015