# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

COMMONWEALTH OF PENNSYLVANIA, : No. 140 WM 2018

Respondent :

v. :

BRANDON WOLOWSKI, :

Petitioner :

## CONCURRING STATEMENT

**JUSTICE WECHT**                  **DECIDED: OCTOBER 11, 2018**

I join the Court's denial of Brandon Wolowski's "Emergency Motion/Emergency Petition for Review."

This is a capital case. Wolowski is charged with murder in the first degree. During pretrial proceedings, Wolowski filed a motion seeking the trial judge's recusal. Wolowski's lawyer presented the motion in open court, and the trial judge denied it. Through counsel, Wolowski then requested that the trial judge certify the order for immediate interlocutory appeal, pursuant to 42 Pa.C.S. § 702(b). The trial judge rejected this request as well.

Wolowski filed a petition for review (which he subsequently amended) in the Superior Court seeking review of the trial judge's orders. The Superior Court denied the petition by order dated July 31, 2018. Wolowski then filed the instant emergency petition with this Court.

There is no right to an interlocutory appeal from a non-final order. The onus is on the party seeking such an appeal to establish that: "(1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion regarding the

question of law; and (3) an immediate appeal would materially advance the ultimate termination of the matter." *Commonwealth v. Dennis*, 859 A.2d 1270, 1275 (Pa. 2004) (quoting *Commonwealth v. Tilley*, 780 A.2d 649, 651 (Pa. 2001)). "Generally, the [trial] court must certify that the three prongs are satisfied, and the appellate court then decides whether to accept review." *Tilley*, 780 A.2d at 651. When the trial court rejects a request for interlocutory certification, "the accepted procedure for requesting appellate review of an uncertified, interlocutory order is by the filing of a Petition for Review, directed to the appellate court which would have jurisdiction if a final order were entered in the matter." *Commonwealth v. Boyle*, 532 A.2d 306, 308 (Pa. 1987) (footnote omitted).

The purpose of the petition for review is to obtain appellate review of the trial court's exercise of its discretion in refusing to certify the issue for appeal. Only after a petitioner either convinces the appellate court that the trial court abused its discretion in deciding that the three interlocutory prongs were unmet or establishes that the "case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal," Pa.R.A.P. 1311, will an appellate court proceed to review the substantive merits of the claim underlying the appeal. *Dennis*, 859 A.2d at 1275.

In the petition for review *sub judice*, Wolowski addresses only the substantive merits of his claim that the trial judge should have recused himself. Wolowski does not cite, nor engage in a discussion of, the three prongs that must be established in order to obtain an appeal by permission. He does not address the trial court's exercise of discretion. Nor does he cite Rule 1311 or attempt to prove that this "case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal," Pa.R.A.P. 1311. Instead, Wolowski cites only Pa.R.A.P. 1573, which concerns appellate review of orders denying a double jeopardy claim that the trial court has

determined to be frivolous.  *See* Petition for Review at 3.  Rule 1573 has no bearing upon the present circumstances.

Toward the end of his petition, Wolowski provides a discussion under the following heading:  "The Petitioner's Statement of Objections to the trial judge's determination to not certify this issue for immediate appeal and the Superior Court's denial of his Petition for Review."  Petition for Review at 14.  Once more, Wolowski addresses neither the three interlocutory appeal prongs nor Rule 1311.  Rather, he focuses only upon the merits of his underlying recusal claim, a claim which, as we made clear in *Dennis*, becomes relevant only after jurisdiction is established.  The substantive merit of a claim, no matter how compelling, is no substitute for jurisdiction.

Wolowski's failure entirely to address jurisdiction warrants this Court's denial of his petition.  Hence, I join today's order.  I write separately to make clear that my decision to join our order is based exclusively upon the jurisdictional impediment to our review.  Neither my joinder, nor this Court's order, should be construed either as an endorsement or a repudiation of the trial judge's decision not to recuse himself.  At this time, I offer no opinion whatsoever on the merit of that substantive claim, which may be reasserted, if appropriate, at a later juncture.